230

MARIE ZIEMBA et al., Respondents, *v.* EMIL STERNBERG, Appellant.

Fourth Department, July 5, 1974.

*Martin, Clearwater & Bell (David Brown* of counsel), for appellant.

*Blair, Martin & Messina (Peter J. Martin* of counsel), for respondents.

DEL VECCHIO, J. Defendant, a duly licensed physician, has moved to dismiss a complaint that charges him with medical malpractice.

The complaint alleges that plaintiff wife in May, 1971 advised defendant that she did not desire to have children and requested that he advise her as to the proper medication for the purpose of preventing pregnancy, that defendant did suggest certain medication and that she followed all his directions, that from May, 1971 to and including December, 1971 plaintiff communicated to defendant her concern that she might be pregnant and he advised her during and throughout all of her treatments and examinations that she was not pregnant, that

on December 28, 1971 she was advised by another physician that in fact she was pregnant and had been pregnant for approximately four and a half months, that the failure to diagnose her pregnancy was due solely to the negligence and carelessness of defendant in failing to recognize obvious signs and symptoms within a reasonable time when she would have taken the necessary medical steps and terminate her pregnancy. By three separate causes of action plaintiff wife seeks to recover damages for pain and suffering and mental anguish incident to the birth of the child, for loss of consortium and for the responsibility for educational and medical expenses of the child as well as for her inability to carry on a job by reason of her obligation to raise the child.. By three additional causes of action plaintiff husband seeks to recover medical expenses for services rendered to the mother and child, damages for loss of consortium and loss of services of his wife and damages arising out of his responsibility for the costs necessary to raise the child.

Defendant's motion to dismiss, pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action has been denied by Special Term, Erie County, a result which conflicts with the disposition of a like motion in a similar case at Special Term, Monroe County, also in this Judicial Department. (*Chapman v. Schultz*, decided April 25, 1974.)

Assuming, as we must, the truth of the allegations (*Cohn v. Lionel Corp.*, 21 N Y 2d 559,. 562), the question presented by this appeal is whether. an action lies by a parent against a physician for negligent failure to diagnose a pregnancy such that the mother was prevented from aborting the child within a reasonable time and terminating the pregnancy. We think that it does.

The action is basically one for malpractice, which has long been recognized as the appropriate remedy by which recovery may be had for damages sustained as the result of a physician's failure to exercise ordinary and reasonable care in diagnosis or treatment of a patient. (*Pike v. Honsinger*, 155 N. Y. 201; *Carpenter v. Blake*, 75 N. Y. 12.) The malpractice action being one for personal injuries (*Robins v. Finestone*, 308 N. Y. 543, 546), " the person responsible for the injury must respond for all damages resulting directly from and as a natural consequence of the wrongful act according to common experience and in the usual course of events, whether the damages could or could not have been foreseen by him." (*Steitz v. Gifford*, 280 N. Y. 15, 20.)

In support of the present appeal from the denial of the motion to dismiss, defendant relies on the case of *Stewart* v. *Long Is. Coll. Hosp.* (35 A D 2d 531, affd. 30 N Y 2d 695), and urges it as authority that no cause of action exists in law for the birth of an unwanted child. We believe that reliance is misplaced. In *Stewart* an action had been brought against a hospital by the parents of a deformed child for damages sustained by them as a result of his birth, based on the hospital's refusal to perform an abortion on the mother in June, 1964 *when such an abortion would have been an illegal act under the statute then in effect.* (Penal Law, § 80.) After a jury verdict in their favor, the Appellate Division dismissed the action of the parents, stating that it was one not previously known to the law which " should await legislative sanction " and should not be accepted by judicial fiat. Reference was made to the " public policy which at the time declared the proposed abortion to be an illegal one ". (35 A D 2d, at p. 532.) The disallowance of the action was consistent with the long established principle stated in *Stone* v. *Freeman* (298 N. Y. 268, 271) : " nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose [cases cited]."

In the present case, however, a substantially different legal environment existed at the time when plaintiff wife was seeking to avoid parenthood in the summer and fall of 1971. No statute would then have precluded her from obtaining an abortion within a reasonable time of the commencement of her pregnancy, if her condition had been properly diagnosed and made known to her within that period. On the contrary, the amendment of section 125.05 of the Penal Law effective July 1, 1970 had expanded the definition of a " justifiable abortional act " such that plaintiff wife, had she known the true facts, could have terminated her pregnancy at her own election before she had become four to four and a half months pregnant, as she was advised she was when her pregnancy was ultimately diagnosed by another physician. The constitutionality of that statute was declared in *Byrn* v. *New York City Health & Hosps. Corp.* (31 N Y 2d 194, app. dsmd. 410 U. S. 949). We perceive no reason why the legislative amendment should not be recognized for what it was — the acknowledgment of a right of a woman to obtain a consent abortion — and given effect in this case. In so doing we also take note of the fact that the United States Supreme Court has articulated the constitutional right of a woman to seek such a medical procedure in the first tri-

mester of pregnancy. (*Roe v. Wade*, 410 U. S. 113; *Doe* v. *Bolton*, 410 U. S. 179.)

On the other hand, we cannot agree with the conclusion of the dissenting Justice that, since a legal abortion was still available to plaintiff wife at the time her pregnancy was discovered, her failure then to avail herself of that alternative should bar her present claim for damages. The right to have an abortion may not be automatically converted to an obligation to have one. The decision whether or not to undertake that medical procedure must rest on a number of factors, including the stage to which pregnancy has progressed, the health and condition of the woman at that time and the professional judgment and counsel received. This being the case, the question whether the option of abortion at four or four and a half months of pregnancy was one which plaintiff wife should have elected cannot be determined at this stage of the litigation; she must have an opportunity to establish the relevant circumstances, including the medical information and advice she received as to the dangers of an abortion performed then, as contrasted to an earlier abortion had her pregnancy been properly diagnosed by defendant. When, as here, it is asserted that, as one of the consequences of defendant physician's lack of reasonable care, plaintiff was not advised of her pregnancy so that she could terminate it within a reasonable time, as she was entitled to do, and was advised by another physician when the pregnancy was discovered by him as to the danger involved in an abortion at that time, we believe the damages subsequently sustained by her and her husband may be the natural consequences of defendant's malpractice for which recovery will lie.

The matters raised in the dissent dealing with the question of damages are in our judgment not pertinent to the question of the sufficiency of the complaint.

We therefore conclude that a valid cause of action is stated; whether or not damages can be proved should await the trial of the action.

The order should be affirmed.

CARDAMONE, J. (dissenting). The plaintiffs-respondents, Marie Ziemba and David Ziemba, her husband, instituted this action for malpractice against the defendant-appellant Emil Sternberg, M. D., and defendant Victor Dozoretz, doing business as Victor Clinical Laboratories. The plaintiffs allege that the defendant, Emil Sternberg, M. D., failed to diagnose a pregnancy of the plaintiff, Marie Ziemba, for an extended period

of time and that the plaintiff found it necessary to consult another doctor before being advised that she was pregnant. By that time she was approximately four months pregnant and was advised by the second physician as to the danger of an abortion. She, therefore, decided against the abortion even though she did not want to have children. Subsequently, she gave birth to a normal, healthy child. This action was instituted to recover damages for the pain and suffering relative to the confinement and birth of the child, loss of consortium with her plaintiff husband and the costs and expenses relating to raising the child. Additional causes of action stated in the complaint are on behalf of the husband, David Ziemba, for out-of-pocket medical expenses, loss of consortium and also the costs and expenses relating to raising the child.

The defendant-appellant, Emil Sternberg, M. D., moved to dismiss the complaint on the ground that such an action is not cognizable in the State of New York. Special Term denied the motion and it is from such denial that the defendant-appellant appeals.

The cause of action asserted by the plaintiffs parents is one not previously cognizable to the law and as such it should await legislative recognition (*Stewart* v. *Long Is. Coll. Hosp.*, 35 A D 2d 531, affd. 30 N Y 2d 695). Even if it is assumed that the limited legalization of abortion (Penal Law, § 125.45 *et seq.*) with its inherent option to pregnant women gives rise to a cause of action for failure to timely diagnose a pregnancy, such an action would fail in this case for lack of provable damages. Plaintiffs seek to recover for the costs of raising and educating their " unwanted " child. Such expenses could obviously have been avoided by placing the child for adoption. Further, construing this complaint in a light most favorable to plaintiffs-respondents, there is no claim that the danger to plaintiff wife of an abortion at four months was any greater than a full term delivery. Absent such allegation, and since a legal abortion was an option still available at that time, her failure to avail herself of this legal alternative should operate to bar her present claim for damages. Finally, as to claimed damages arising out of the confinement, pain and suffering attendant with carriage and delivery, the plaintiffs have been compensated by the birth, comfort and society of their infant child which they elected to keep. Had they chosen to have their infant adopted after its birth, then, in my view, their complaint might state a good cause of action. But, they cannot enjoy the pleasure, comfort and society of their infant and also seek compensatory

damages for its birth at the same time. If the parents choose to retain the custody and companionship of their infant, they have no damages and, consequently, state no cause of action. Accordingly, I dissent and vote to reverse the order and grant the motion to dismiss the complaint for failure to state a cause of action.

MOULE and SIMONS, JJ., concur with DEL VECCHIO, J.; CARDAMONE and MAHONEY, JJ., dissent and vote to reverse the order, grant the motion and dismiss the complaint in an opinion by CARDAMONE, J.

Order affirmed with costs.