■ DEBORA S. , an Infant, by Her Mother, ELAINE S. et al., Respondents, v STEPHEN SAPEGA, Appellant.—In an action, *inter alia,* to recover damages sustained as a result of medical malpractice, defendant appeals from an order of the Supreme Court, Kings County, dated November 17, 1976, which denied his motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. The complaint alleges that, had it not been for a wrong diagnosis by the appellant doctor in the early stages of the infant plaintiff's pregnancy, the 15-year-old mother, the victim of a rape, would not have borne an unwanted child. This case is distinguishable from *Howard v Lecher* (53 AD2d 420), in that this situation does not deal with the birth of a child born with physical or mental defects to parents who desired to have the child, and whose damages stemmed from the birth of a fatally sick baby rather than a healthy baby. Instead, this situation is one where the mother did not want a

child at all. It is similar to the factual situation in *Ziemba v Sternberg* (45 AD2d 230), where the court recognized that a negligent failure to diagnose a pregnancy gives rise to a cause of action for malpractice. Furthermore, this court in *Howard v Lecher (supra)* only decided that damages for the anguish sustained because of the birth of a child born with physical or mental defects may not lie because they are too speculative. As we have held that the causes of action based upon a wrongful diagnosis state a cause of action, and as a motion to dismiss which is addressed to the entire complaint will be defeated if one cause of action in the complaint is sustainable (see *De Maria v Josephs,* 41 AD2d 655), we have not passed upon the merits of the remaining causes of action. Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.