■ SAMUEL TORRES, an Infant, by His Mother and Natural Guardian, NAOMI TORRES, et al., Respondents, v SOUTHSIDE HOSPITAL et al., Defendants, and J. A. MILLER et al., Appellants. — In a medical malpractice action, defendants Miller and Shuter appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 23, 1981, as granted plaintiffs' motion to dismiss their second affirmative defense. Order affirmed insofar as appealed from, without costs or disbursements. In this action, the plaintiffs seek to recover damages for injuries sustained by the infant plaintiff allegedly due to the medical malpractice of the defendants. The individual defendants are physicians who, it is alleged, were responsible for the prenatal, intrapartum and postpartum care of the plaintiff mother and the infant. In the first cause of action, it is asserted that because of the negligence and malpractice of the defendants, the infant's central nervous system was damaged. In the second cause of action, plaintiffs claim that the infant's injuries were sustained because "the infant and the infant's mother were treated without first obtaining an informed consent." Two of the individual defendants interposed an answer asserting, as an affirmative defense, that the second cause of action fails to state a claim upon which relief can be granted. The plaintiffs moved for an order, *inter alia,* striking the affirmative defense; the two defendants crossmoved, *inter alia,* for an order dismissing the second cause of action. The aforesaid branch of plaintiffs' motion was granted and the stated branch of the cross motion was denied. The two defendants have appealed, seeking reversal of so much of the order as granted the plaintiffs' motion to dismiss the affirmative defense. We affirm the order insofar as appealed from because the failure "to state a claim upon which relief can be granted" is not properly pleaded as an affirmative defense (see CPLR 3018, subd [b]). Moreover, the complaint, while inartfully drawn, is not insufficient as a matter of law. In so concluding, we express no opinion as to the merits of the controversy, or the viability of the "informed consent" claim. The complaint is broadly drafted, and does not specify the nature of the "treatment" which was given without informed consent, and which allegedly gave rise to the infant's injuries. Since the details of the plaintiffs' claim have not yet been revealed, either through disclosure or a bill of particulars, we are unable to determine whether recovery by the plaintiffs will be precluded by the provisions of section 2805-d of the Public Health Law. Once the pertinent facts are disclosed, defendants Miller

and Shuter may wish to seek dismissal of the second cause of action in a motion for summary judgment. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.