183 N.J. Super. 42 (1982)
443 A.2d 229
ARLENE COMRAS, PLAINTIFF-APPELLANT AND BRIAN M. COMRAS, AN INFANT BY HIS GUARDIAN AD LITEM, ARLENE COMRAS, PLAINTIFF,
v.
LEO LEWIN, M.D., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 22, 1981.
Decided February 11, 1982.
*44 Before Judges MILMED, JOELSON and GAULKIN.
Stephen S. Berowitz argued the cause for appellant (Maskaleris & Berowitz, attorneys).
Anita Hotchkiss argued the cause for respondent (Porzio, Bromberg & Newman, attorneys; Cynthia M. Craig and Anita Hotchkiss on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff Arlene Comras brought this action to recover damages for the wrongful birth of a defective child which followed defendant's allegedly negligent failure to make a timely diagnosis of her pregnancy. Tried to a jury the case was dismissed on defendant's motion at the close of plaintiff's case. R. 4:37-2(b). Plaintiff appeals from that judgment; the pretrial dismissal, by partial summary judgment, of the wrongful life claim of the child is not challenged here.
Plaintiff sought to prove the cause of action recognized in Berman v. Allan, 80 N.J. 421 (1979). The theory of her case was that had her pregnancy been confirmed in the first trimester, she would have aborted it because of the peculiar and known risks of bearing a defective child arising from her age and history of diabetes; that defendant's negligence delayed the diagnosis to the second trimester; that she concluded she "couldn't do it [i.e., abort the pregnancy]" at that time, and that accordingly defendant's malpractice had effectively deprived her *45 of "the option of making a meaningful decision as to whether to abort the fetus." The trial judge dismissed the action upon a finding that the undisputed testimony, viewed most favorably to plaintiff (Heavner v. Uniroyal, Inc., 63 N.J. 130, 133-134 (1973)), "is that she could have had the abortion at the time she found out she was pregnant" and therefore "she had the option" whose deprivation is central to the Berman cause of action.
We reverse. Plaintiff's proofs showed that she had conceived in August 1976 and that her pregnancy was first confirmed, by a doctor other than defendant, on December 7, early in the second trimester. While a first trimester abortion might have been "relatively safe", it cannot be doubted that "the risk to the woman increases as her pregnancy continues." Roe v. Wade, 410 U.S. 113, 149-150, 93 S.Ct. 705, 724-725, 35 L.Ed.2d 147 (1973). Indeed, it is for that reason that the State's "important and legitimate interest in the health of the mother" has been found to justify governmental regulation commencing "at approximately the end of the first trimester." Id. at 163, 93 S.Ct. at 731. Here, although it is stipulated that abortion was lawfully available to plaintiff when her pregnancy was diagnosed, the inference of increased risk at that time is underscored by plaintiff's proofs that the abortive procedure then would have differed from that used in the first trimester.
We are satisfied that upon a proper showing a factfinder might conclude that the enhanced risks of an abortion delayed to the second trimester are of such nature and magnitude that, even though abortion remains lawfully available, the parent is effectively "denied a meaningful opportunity" to decide whether the fetus should be aborted. Berman, 80 N.J. at 431-432. Such was the holding in Ziemba v. Sternberg, 45 App.Div.2d 230, 357 N.Y.S.2d 265 (App.Div. 1974), whose language is directly in point and persuasive:
... we cannot agree with the conclusion of the dissenting justice that, since a legal abortion was still available to plaintiff wife at the time her pregnancy was discovered, her failure then to avail herself of that alternative should bar her present claim for damages. The right to have an abortion may not be automatically *46 converted to an obligation to have one. The decision whether or not to undertake that medical procedure must rest on a number of factors, including the stage to which pregnancy has progressed, the health and condition of the woman at that time and the professional judgment and counsel received. This being the case, the question whether the option of abortion at four or four and a half months of pregnancy was one which plaintiff wife should have elected cannot be determined at this stage of the litigation; she must have an opportunity to establish the relevant circumstances, including the medical information and advice she received as to the dangers of an abortion performed then, as contrasted to an earlier abortion had her pregnancy been properly diagnosed by defendant. When, as here, it is asserted that, as one of the consequences of defendant physician's lack of reasonable care, plaintiff was not advised of her pregnancy so that she could terminate it within a reasonable time, as she was entitled to do, and was advised by another physician when the pregnancy was discovered by him as to the danger involved in an abortion at that time, we believe the damages subsequently sustained by her and her husband may be the natural consequences of defendant's malpractice for which recovery will lie. [357 N.Y.S.2d at 269]
We recognize that the present record is without proofs sufficient to make such a determination of the nature or extent of any enhanced risks. But plaintiff's counsel did inquire of her treating doctor why he "would not get involved in such a procedure at that time [i.e., when the pregnancy was confirmed]." Defendant's counsel objected "unless it goes to legality or illegality," and the trial judge sustained the objection because the question "opens up or could open up a whole can of worms." Plaintiff was thus wrongly deprived of the opportunity to put before the jury any description or evaluation of the additional risks which she faced in a second trimester abortion.
We therefore find it necessary to vacate the judgment entered below and to order a new trial. For the guidance of the court and counsel at the new trial, we note that we find no error in the challenged admission of evidence concerning plaintiff's asserted failure or refusal to follow medical advice. Evid.R. 49, 50.
Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.