■ VALERIE MEARS, Respondent-Appellant, v NISSIM ALHADEFF et al., Appellants-Respondents, et al., Defendants. — Order of the Supreme Court, Bronx County (Kent, J.) entered March 12, 1981 dismissing the first, fourth and fifth causes of action set forth in plaintiff's complaint modified, on the law, to the extent of reinstating plaintiff's first cause of action, dismissing the second and third causes of action and otherwise affirmed, without costs. Plaintiff brings this malpractice action against a group of doctors, the medical group of which they are part, Health Insurance Plan of Greater New York, North Bronx Medical Center and Parkchester General Hospital. The gist of her complaint is that she consulted defendants for the purpose of having an abortion and that the procedures performed upon her were performed so unskillfully that on September 21, 1977 she gave birth to a child. The first cause of action is set forth in terms of medical malpractice. The remaining five causes allege interruption of education and employment (second cause); responsibility for future support and maintenance of the child (third cause); emotional harm and humiliation resulting from the necessity for receipt of welfare aid (fourth cause); and humiliation and disgrace from being stigmatized as an unwed mother (fifth cause). We are of the opinion that the characterization of the first cause of action as one for "wrongful life" for which no action will lie (Becker v Schwartz, 46 NY2d 401), was improper. It is a conventional action for malpractice, in which damages, although not susceptible of calculation with mathematical precision, are, nevertheless, recoverable (Debora S. v Sapega, 56 AD2d 841; Ziemba v Sternberg, 45 AD2d 230). However, the remaining causes deal with items of damage flowing from the alleged malpractice. Some of these, for example, the interruption of education and employment, may be recoverable under the first cause (cf. Sorkin v Lee, 78 AD2d 180). Others, such as responsibility for future support and maintenance (Becker v Schwartz, 46

NY2d 401, *supra*), humiliation resulting from the need for applying for welfare assistance and the opprobrium and disgrace of being stigmatized an unwed mother, may not. Without attempting now to determine the elements of damage properly includable in the first cause of action, we hold that the second, third and fourth and fifth causes of action are no more than a specification of damage flowing from the first cause. As such, they are not maintainable as separate causes of action. Concur — Kupferman, J. P., Ross, Lupiano, Bloom and Asch, JJ.