■ SUSANNE O'TOOLE et al., Appellants, v BENJAMIN GREENBERG et al., Respondents. — In a medical malpractice action, plaintiffs appeal (1) from so much of an order of the Supreme Court, Queens County (Durante, J.), dated April 6, 1982, as granted the motion of defendants Greenberg and Leber to dismiss plaintiffs' complaint for failure to state a cause of action only to the extent of dismissing that portion of the first cause of action which sought to recover the expenses involved in rearing and caring for the child of the parties, and (2) from so much of an order of the same court, dated May .13, 1982, as granted the motion of the defendants Jamaica Hospital and Family Practice Clinic to dismiss the plaintiffs' first cause of action only to the same extent. Orders affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' verified complaint alleges that on or about January 11, 1980, defendants negligently performed a tubal ligation upon Susanne O'Toole, as a consequence of which she later became pregnant and gave birth to a healthy child. The verified complaint, served prior to the birth, set forth four causes of action, the first alleging that plaintiffs would incur expenses for the pregnancy, delivery and postpartum care of Susanne and the child, and that plaintiffs would be forced to expend various sums of money for the expenses

involved in caring for and rearing the expected child. In their respective motions to, *inter alia,* dismiss the first cause of action for failure to state a claim on which relief could be founded, defendants asserted that a cause of action does not lie for the recovery of future medical expenses for a healthy, normal child, or for the costs of educating and raising such a child where the child was born as a result of an unwanted pregnancy following an unsuccessful sterilization procedure. Defendants Greenberg and Leber also sought dismissal of the other three causes of action. Special Term granted the respective motions to dismiss only to the extent of dismissing that part of the first cause of action which sought recovery of the expenses of rearing and caring for the child. While we have previously recognized that a physician's negligence resulting in the birth of a healthy, normal child is actionable (see *Debora S. v Sapega,* 56 AD2d 841), so much of a cause of action based on that actionable wrong as seeks recovery of the ordinary costs of raising a healthy, normal child as damages resulting from the birth of the child subsequent to an unsuccessful surgical birth control operation does not state a legally cognizable claim (see *Weintraub v Brown,* 98 AD2d 339; *Sorkin v Lee,* 78 AD2d 180, app dsmd 53 NY2d 797; *Sala v Tomlinson,* 73 AD2d 724, mot for lv to app dsmd 49 NY2d 701). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.