■ MARIE D. JEAN-CHARLES et al., Appellants, v PLANNED PARENTHOOD ASSOCIATION OF THE MOHAWK VALLEY, INC., Defendant, and EISENBERG AND YOFFA, M.D., P. C., et al., Respondents. — In a medical malpractice action, plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated December 22, 1982, as granted those branches of respondents' cross motion which sought dismissal as to them of the second cause of action of the complaint and that portion of the first cause of action which sought to recover for (1) "anxiety and mental anguish" and (2) "loss of future wages". Order modified, by deleting the provision which granted that branch of respondents' cross motion which was for dismissal as to them of that portion of the first cause of action which sought to recover for "anxiety and mental anguish" to the extent that it resulted from the actual or anticipated physical pain and suffering associated with the pregnancy and delivery in question, and substituting therefor a provision denying that branch of the cross motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The complaint alleges that as a consequence of the defendants' negligent performance of an abortion upon plaintiff Marie Danielle Jean-Charles, she gave birth to a healthy baby. Under a theory of wrongful conception, plaintiffs' first cause of action seeks recovery for "pain and suffering, anxiety and mental anguish, medical expenses and loss of future wages" and the second cause of action seeks recovery for the expenses involved in caring for and rearing the child. Upon respondents cross motion, Special Term dismissed the second cause of action as well as that portion of the first cause of action which sought to recover for anxiety, mental anguish and loss of future wages. In *Weintraub v Brown* (98 AD2d 339), this court held that a cause of action seeking recovery of the ordinary costs of raising a healthy child does not state a legally cognizable claim (see, also, *O'Toole v Greenberg,* 98 AD2d 814; *Sorkin v Lee,* 78 AD2d 180, app dsmd 53 NY2d 797; *Sala v Tomlinson,* 73 AD2d 724, mot for lv to app dsmd 49 NY2d 701); nor may there be recovery for future lost wages resulting from the mother's inability to carry on a job by reason of her obligation to raise the child (*Weintraub v Brown, supra;* Ann., 83 ALR3d 15). We do recognize, however, the legal sufficiency of those portions of the complaint that seek recovery for medical expenses, pain and suffering, and mental distress, but only to the extent that the distress resulted "from the actual or anticipated physical pain and suffering associated with the pregnancy and delivery" (*Weintraub v Brown, supra*). Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.