## (April 23, 1984)

■ GLORIA ANDERSON et al., Appellants, v SEYMOUR WIENER et al., Respondents. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Orange County (Rubenfeld, J.), entered July 27, 1981, which granted defendants' Wiener and Wiener & Brunn, P. C., motion and defendant Schultz', individually and doing business as Doctor's Sunnyside Hospital, cross motion to dismiss the third, fourth and fifth causes of action of the complaint. ¶ Order modified so as to reinstate the fifth cause of action, but only to the extent that it seeks to recover for emotional distress which resulted from the

actual or anticipated physical pain and suffering associated with the pregnancy and delivery in question. As so modified, order affirmed, without costs or disbursements. ¶ The complaint alleges that as a consequence of the defendants' negligent performance of a tubal ligation upon plaintiff Gloria Anderson she became pregnant thereafter and gave birth to a brain-damaged, abnormal child. The plaintiffs' third cause of action for lack of informed consent alleged that "[d]efendants failed to inform the patient of the risks, hazards and alternatives connected with the procedure so that an informed consent could be given, as a consequence of which there was no informed consent to the procedure". The fourth cause of action alleged that "[b]y reason of the aforesaid birth of this brain damaged, abnormal child, plaintiffs have sustained damages in having to expend time, effort, energy and money in caring for and raising this deformed, brain damaged child". The fifth cause of action alleged that "[b]y reason of the aforesaid birth of this brain damaged, abnormal child, plaintiffs have experienced emotional pain, suffering and distress and they will continue to have such emotional pain, suffering and distress in caring for and in raising this deformed, brain damaged child". ¶ Defendants Wiener and Wiener & Brunn, P. C. moved to dismiss the third, fourth and fifth causes of action on the ground that they failed to state a cause of action, and defendant Schultz, individually and doing business as Doctor's Sunnyside Hospital, cross-moved for the same relief. In opposition to the motion and cross motion, plaintiffs' attorney submitted an affirmation in which she affirmed that plaintiff Gloria Anderson was a mother of seven, who sought sterilization by means of a tubal ligation because three of her seven children were slow learners, and the plaintiffs feared that any other children they might have could be handicapped. Special Term granted the motion and cross motion, and dismissed the third, fourth and fifth causes of action. ¶ We note that Special Term properly dismissed the third cause of action based on the fact that plaintiffs failed to allege "that a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if [s]he had been fully informed and that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought" (Public Health Law, § 2805-d, subd 3; cf. *Torres v Southside Hosp.*, 84 AD2d 836). Special Term also properly dismissed the fourth cause of action because of the plaintiffs' failure to allege that the defendants' conduct prevented them from discovering the pregnancy or terminating it, or that abortion was contraindicated because of any medical condition of the mother (*Sorkin v Lee*, 78 AD2d 180, app dsmd 53 NY2d 797; cf. *Becker v Schwartz*, 46 NY2d 401; *Ziemba v Sternberg*, 45 AD2d 230). However, we reinstate the plaintiffs' fifth cause of action, but only to the extent that it seeks to recover for emotional distress which resulted from the actual or anticipated physical pain and suffering associated with the pregnancy and delivery (*Jean-Charles v Planned Parenthood Assn.*, 99 AD2d 542; *Weintraub v Brown*, 98 AD2d 339; *Becker v Schwartz, supra; Howard v Lecher*, 42 NY2d 109). Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.