■ BARBARA P. MORSE, Respondent, v PAUL E. SOFFER et al., Appellants, et al., Defendant. — In an action to recover damages for medical malpractice, the individual defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.) dated December 30, 1982, as denied their motion to dismiss the second and fourth causes of action of the amended complaint as to them. ¶ Order reversed insofar as appealed from, on the law, without costs or disbursements, and the individual defendants' motion to dismiss the second and fourth causes of action is granted as to them. ¶ In this medical malpractice action, the plaintiff alleges in the second and fourth causes of action of the complaint, respectively, that the individual defendants were negligent in performing an abortion upon her and breached their contract with her. In both of these causes of action damages are sought resulting from the birth of a normal child for "expenses for the rearing and educating of her child, additional living expenses for food, clothing, and other necessary items and * * * expenses in the future for the continued rearing and up-bringing of the infant child". ¶ The individual defendants moved to dismiss these causes of action pursuant to CPLR 3211 (subd [a], par 7), i.e., they failed to state causes of action "recognized in New York". ¶ Special Term denied the individual defendants' motion. We reverse. ¶ In *Weintraub v Brown* (98 AD2d

339), this court held that in a medical malpractice action the parents of an unwanted but otherwise healthy and normal child may not recover the ordinary costs of raising that child as damages resulting from the defendants' negligence in the performance of a surgical birth control procedure (see, also, *O'Toole v Greenberg*, 98 AD2d 814). ¶ Accordingly, the order must be reversed insofar as appealed from and the individual defendants' motion to dismiss the second and fourth causes of action of the amended complaint must be granted as to them. Titone, J. P., Mangano, Thompson and Brown, JJ., concur.