■ ZENAIDA ABBARIAO et al., Respondents, v ELLIOT BLUMENTHAL et al., Appellants. — Order of the Supreme Court, New York County (Richard W. Wallach, J.), entered November 25, 1983, denying defendants' motions to strike so much of plaintiffs' complaint and bill of particulars as demands damages for the expense of raising their child, reversed, on the law, without costs, and the motion granted.

In December, 1979 the female plaintiff underwent a tubal ligation for the purpose of preventing the birth of any additional children to her. It is alleged that the surgical procedure was improperly performed and that on October 31, 1980 a child was born to her. Both she and her husband sued the hospital and the physicians who performed or assisted at the procedure. They seek, as part of their damages, the cost of rearing the child to maturity. Defendants moved to strike that portion of the damages sought. Special Term denied the application. We reverse and grant it.

Our law does not recognize any action for wrongful life (*Becker v Schwartz*, 46 NY2d 401; *Alquijay v St. Luke's-Roosevelt Hosp. Center*, 63 NY2d 978). Similarly, no action will lie for wrongful conception (*Weintraub v Brown*, 98 AD2d 339 [2d Dept]; *Sorkin v Lee*, 78 AD2d 180 [4th Dept]; *Sala v Tomlinson*, 73 AD2d 724 [3d Dept]).

In *Mears v Alhadeff* (88 AD2d 827 [1st Dept]), a somewhat different problem was before us. There, plaintiff consulted defendant for the purpose of having an abortion. She alleged that the procedure was performed so unskillfully that, as a result thereof, she gave birth to the child. She sued in a multicause complaint, the first count of which alleged malpractice. The remaining causes sought recovery for interruption of education and employment, responsibility for future maintenance of the child, emotional harm and humiliation flowing from the stigma of being known as an unwed mother. We held that all of the causes (except the cause alleging malpractice) did no more than allege specific items of damage flowing from the alleged malpractice, some of which might be recoverable while others might not. Accordingly, we dismissed all of the counts except the one sounding in malpractice. While we intimated that responsibility for future maintenance and support might well be one of the items for which no recovery might be had, we did not expressly so state. We now make explicit what was implicit in *Mears*. We now hold that no recovery may be had for future maintenance and support of a child alleged to have been conceived as the result of the failure of a physician or surgeon, by reason of alleged malpractice, to successfully sterilize or abort a patient. Concur — Sandler, J. P., Bloom, Lynch and Alexander, JJ.