■ MILDRED BRANDON, Appellant, v HARRISON M. KARP et al., Respondents, et al., Defendant.—Levine, J. Appeals (1) from a judgment of the Supreme Court in favor of defendant Harrison M. Karp, entered May 9, 1984 in Schenectady County, upon a verdict rendered at Trial Term (Ford, J.), (2) from an order of said court in favor of defendant Ellis Hospital, entered June 14, 1984 in Schenectady County, dismissing plaintiff's complaint against that defendant at the close of the entire case, and (3) from an order of said court, entered July 17, 1984 in Schenectady County, which denied plaintiff's motion to set aside the verdict.

On August 4, 1975, plaintiff was admitted to defendant Ellis Hospital suffering from spinal meningitis, an ear infection and hearing loss. On August 23, plaintiff was transferred to the care of defendant Harrison M. Karp, an ear, nose and throat specialist, who removed a drainage tube from plaintiff's left ear. Several hours later, plaintiff suffered a recurrence of meningitis. On August 24, according to plaintiff's own testimony, Karp told her that the following day he would perform a sinus wash to determine if a sinus infection had caused the recurrence of her meningitis. The next day, a nurse, employed by Ellis Hospital, procured and witnessed plaintiff's signature on a consent form, but erroneously told plaintiff that the sinus wash would be performed through the ear. Karp testified that when he subsequently came to plaintiff's room to perform the wash, he told her that the probable source of her meningitis was the sinus, and that to determine if this was so, he would anesthetize the nose, puncture the sinus wall with an instrument and irrigate the sinus. The uncontroverted testimony of Karp, the attending nurse and plaintiff herself is that Karp also told plaintiff before beginning the procedure that the sinus wash would be performed through the nose. Plaintiff offered no objections. After completing the procedure, Karp discovered that the tip of the instrument he had used to make the puncture had broken off and lodged in plaintiff's antril nasal wall. Plaintiff was subsequently transferred to another hospital for a removal procedure, where it was discovered that the tip was no longer in the nasal wall.

Plaintiff brought an action (1) against Karp alleging negligence in the performance of the procedure, and (2) against Karp and Ellis Hospital alleging medical malpractice based on lack of informed consent. At the close of all the evidence, the trial court directed a verdict in favor of Ellis Hospital. The jury returned a verdict in favor of Karp. The trial court denied plaintiff's motion to have the jury verdict set aside. These appeals by plaintiff ensued.

We affirm the trial court in all respects. Before a trial court may exercise its discretion to set aside a verdict, it must determine that the jury's conclusion on liability could not rationally be reached upon the evidence adduced at trial (*Cohen v Hallmark Cards,* 45 NY2d 493, 499) and that the verdict "cannot be supported by any fair interpretation of the evidence" (*Palermo v Gambitsky,* 92 AD2d 1005, 1006). Regarding plaintiff's first cause of action alleging that Karp performed the procedure negligently, expert testimony for the defense supported Karp's decision to perform an antril sinus

wash, his choice of local anesthesia instead of general anesthesia, and his choice and use of the particular instrument which he employed. This afforded an ample basis for the trial court to conclude that, under a fair interpretation of the evidence, the jury's verdict was rationally based.

Plaintiff's second cause of action, alleging medical malpractice based on lack of informed consent, is governed by, and the jury was charged in accordance with, Public Health Law § 2805-d. In order to recover under that section, a plaintiff must establish (1) that the medical practitioner failed to make the preliminary disclosure to the patient "as a reasonable medical practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation" (Public Health Law § 2805-d [1]), and (2) "that a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if he had been fully informed" (Public Health Law § 2805-d [3]). There was medical testimony from which the jury could have concluded that Karp's disclosure was sufficient under the circumstances, thereby negating the first statutory element. As to the second element, plaintiff here was afflicted with a recurrence of meningitis, which X rays indicated may have been caused by an infected sinus. It was unquestionably necessary for Karp to locate the source of the illness endangering plaintiff's life, and the sinus wash, according to expert testimony, was the logical way to determine if the sinus was infected and was the means least challenging to plaintiff's health. The jury could, therefore, rationally have found from this circumstance that a reasonably prudent person in plaintiff's position would have undergone the procedure even if fully informed. Thus, the trial court was not in error in refusing to overturn the verdict.

Nor do we find reversible error in the trial court's exclusion of the testimony of plaintiff's psychiatrist, which would have gone only to establishing a basis for awarding damages to plaintiff. In finding for Karp, the jury never reached the issue of damages; thus, the exclusion of the psychiatric testimony resulted in no prejudice to plaintiff.

Similarly, we affirm the trial court's granting of Ellis Hospital's motion for a directed verdict. Plaintiff's action against the hospital was for lack of informed consent based on the error of a nurse-employee who, when procuring and witnessing plaintiff's written consent, incorrectly stated that the procedure would be performed through the ear. However, Public Health Law § 2805-d (1) makes only "the person provid-

ing the professional treatment or diagnosis" liable for his failure to make proper disclosure. In this case, the person providing the professional treatment was Karp, who was neither a hospital employee nor using an instrument belonging to the hospital. Furthermore, Public Health Law § 2805-d (3) also requires that the lack of informed consent be "a proximate cause of the injury or condition for which recovery is sought". Since Karp corrected the misinformation before performing the procedure, and plaintiff did not object after learning of the actual nature of the procedure, the nurse's error could not have been a proximate cause of any alleged injury or condition for which plaintiff sought recovery.

Finally, the trial court did not abuse its discretion in denying plaintiff's motion for a mistrial based on Karps's resuscitation of a man who had been stricken elsewhere in the courthouse during the trial, and who bore no relation to the parties or issues in the instant case. No proof was offered by plaintiff that the jury learned of this incident, nor is it inferable from the facts and surrounding circumstances. Therefore, the trial court acted well within its sound discretion to permit the trial to continue (*see, Harris v Village of East Hills,* 41 NY2d 446, 451; *Dombrowski v Somers,* 51 AD2d 636, 637, *revd on other grounds* 41 NY2d 858). The judgment and orders of Trial Term should therefore be affirmed.

Judgment and orders affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.