■ CAROLE D. CULKIN, as Administratrix of the Estate of HELEN C. RICHARDS, Deceased, Appellant, v NASSAU HOSPITAL ASSOCIATION, INC., Doing Business as WINTHROP UNIVERSITY HOSPITAL, Respondent, et al., Defendants.—In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated December 15, 1986, as granted that branch of the respondent's motion which was to dismiss the third and fourth causes of action asserted in the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's causes of action alleging lack of informed consent are based on the assertion in the complaint that the defendant hospital, "its agents, servants and/or employees, failed, omitted and/or improperly disclosed to the deceased,

HELEN C. RICHARDS, such alternatives to the treatment recommended and the surgical procedure and the reasonable foreseeable risks and benefits involved as a reasonable medical practitioner under similar circumstances would have disclosed, in a manner permitting the deceased, HELEN C. RICHARDS, to make a knowledgeable evaluation". The complaint does not set forth the necessary elements under Public Health Law § 2805-d for two reasons (see, CPLR 3013).

The plaintiff failed to allege facts from which it could be inferred that the codefendant physicians who performed the underlying medical services were employed by the respondent or that the respondent knew or should have known that the physicians were acting without informed consent or that the operation was not permissible under existing standards. The complaint thus presents no basis for imposing either derivative or direct liability upon the respondent on account of the claimed failure to obtain informed consent (see, Public Health Law § 2805-d [1]; *Fiorentino v Wenger,* 19 NY2d 407, 414, 417-418; *Brandon v Karp,* 112 AD2d 490, 493). The plaintiff also failed to allege facts from which it could be inferred that "a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if [s]he had been fully informed and that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought" (Public Health Law § 2805-d [3]; *see, Anderson v Wiener,* 100 AD2d 919, 920). Accordingly, the court properly dismissed these causes of action. Nor is there any basis in the record for granting leave to replead because of the stated substantive deficiencies in the complaint (see, CPLR 3211 [e]). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.