■ MORTIMER DODES, Individually and as Administrator of the Estate of BLANCHE DODES, Deceased, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents, et al., Defendants.—In a medical malpractice action, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Santucci, J.), dated November 17, 1987, which granted the separate motions of the defendants North Shore University Hospital and Anthony F. Tucci, for summary judgment dismissing the complaint as against them and (2) a judgment of the same court, entered December 22, 1987, which dismissed the complaint as against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The expert medical opinions submitted by the defendants North Shore University Hospital and Anthony Tucci, M.D., that medical care and treatment were rendered in accordance with good and accepted medical practice, were sufficient to establish a prima facie showing of their entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). According to Dr. Tucci, the plaintiff's decedent suffered from an incurable cancer and the medical treatment was designed to attempt to relieve her pain and to ameliorate the unavoidable effects of the disease. Dr. Shepard G. Aronson, who reviewed the decedent's medical records on behalf of the hospital, opined, with a reasonable degree of medical certainty, that the care rendered to the decedent during her stay at the hospital was "at all times appropriate, and never deviated from accepted standards of medical care", and that her death was the expected result of her underlying disease

and the care by the hospital was not causally related to her death. In opposition to the respondents' motions for summary judgment dismissing the complaint, the plaintiff submitted only his own affidavit and an affirmation from his attorney. The plaintiff's failure to provide competent rebutting medical evidence to establish the existence of triable issues of fact requires dismissal of his medical malpractice causes of action *(see Alvarez v Prospect Hosp., supra; Kane v City of New York,* 137 AD2d 658; *Wind v Cacho,* 111 AD2d 808).

The court also properly dismissed the plaintiff's cause of action against the hospital based on lack of informed consent. With respect to the hospital, the plaintiff failed to allege in the complaint, bill of particulars or motion papers that a reasonably prudent person in his wife's position would not have undergone the treatment if she had been fully informed and that the lack of informed consent is a proximate cause of her injury *(see,* Public Health Law § 2805-d [3]; *Anderson v Wiener,* 100 AD2d 919; *cf., Torres v Southside Hosp.,* 84 AD2d 836). Similarly the cause of action against the hospital sounding in breach of contract was properly dismissed since the plaintiff failed to allege that a special promise had been made to effect a cure or some definite result *(see, Bobrick v Bravstein,* 116 AD2d 682; *Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576).

The causes of action in the complaint alleging lack of informed consent and breach of contract are similarly deficient with respect to Dr. Tucci. While the bill of particulars includes the allegations against Dr. Tucci which are required by Public Health Law § 2805-d (3) and includes an allegation that Dr. Tucci promised to effect a cure or certain therapeutic results, in view of the affidavit submitted by Dr. Tucci, we find that the general boilerplate language in the bill of particulars is insufficient to defeat his motion for summary judgment. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.