■ LLOYD I. ISLER, Respondent, v MADGE B. SUTTER et al., Appellants, et al., Defendants. [603 NYS2d 442] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), rendered May 28, 1992, after a non-jury trial, in favor of plaintiff in the sum of $85,323.26 against defendants, jointly and severally, unanimously affirmed, with costs.

"On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Claridge Gardens v Menotti, 160 AD2d 544, 544-545).

Upon our review of the record, we find that plaintiff established, by clear and convincing evidence, that defendants Sutter and Keating, executrices of the estate of decedent, whom plaintiff had previously represented in a divorce action, fraudulently misrepresented their intent to pay plaintiff for legal services rendered in connection with the divorce action, out of the proceeds of the sale of decedent's marital home (see, Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403). These defendants, through their agent, a partner of codefendant law firm, engaged in a pattern of conduct calculated to mislead plaintiff into believing that an escrow arrangement and ancillary proceeding to protect his claim in New York would be pursued, causing him to forego commencement of an action in a Florida court, where the will was to be probated. The deception continued until the eve of the closing, by which time defendants knew plaintiff would be time barred from commencing a proceeding in Florida. The home was the only property in New York and the proceeds of the sale were immediately wired out of State, thus depriving the Surrogate's Court of jurisdiction and plaintiff of his earned fee. Under these facts, we find the evidence adequately supports the conclusion that codefendant law firm was liable to plaintiff under the theory of promissory estoppel (see, Ripple's of Clearview v Le Havre Assocs., 88 AD2d 120, 122, lv denied 57 NY2d 609).

Contrary to defendants' contention, the award of a $35,000 fee under the retainer agreement was fair and reasonable.

Also the court's selection of October 1, 1987 as the date from which to compute all interest was proper *(see,* CPLR 5001; *Brent v Keesler,* 32 AD2d 804).

Finally, defendants Sutter and Keating's claim that the trial court committed reversible error when it sustained plaintiff's objection to the introduction of a set of handwritten notes taken after a particular meeting at which defendants acknowledged the debt owed to plaintiff, is not properly before this Court. At trial, defendants unsuccessfully urged the exhibit should be admitted under the hearsay exception of past recollection recorded. Now, for the first time on appeal, defendants argue the exhibit should have been admitted as a prior consistent statement. Since the ground urged on appeal is different than the one urged at trial, the issue is not preserved for appellate review *(Murray v City of New York,* 195 AD2d 379).  Concur—Sullivan, J. P., Ellerin, Ross and Nardelli, JJ.