■ KENNETH J. TIBODEAU et al., Appellants-Respondents, v JAMES K. KEELEY et al., Respondents, and JACK GOODMAN, Respondent-Appellant. [617 NYS2d 183] —In a medical malpractice action, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 4, 1992, as granted the motion for summary judgment of the defendants James Keeley and Vassar Brothers Hospital, and dismissed the complaint insofar as it is asserted against them, and (2) a judg-

ment of the same court, entered January 20, 1993, which is in favor of the defendant Jack Goodman and against them, upon a trial ruling at the close of the plaintiff's case, dismissing the complaint insofar as it is asserted against Jack Goodman, and the defendant Jack Goodman cross-appeals, as limited by his brief, from so much of the order entered November 4, 1992, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the cross appeal from the order is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in favor of Jack Goodman (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the cross appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment to the defendant Vassar Hospital, since there was no evidence to support the imposition of vicarious liability upon it (see, Public Health Law § 2805-d [1]; Kavanaugh v Nussbaum, 71 NY2d 535, 546-547; Hill v St. Clare's Hosp., 67 NY2d 72, 79; Ruane v Niagara Falls Mem. Med. Ctr., 60 NY2d 908; Fiorentino v Wenger, 19 NY2d 407, 414; Culkin v Nassau Hosp. Assn., 143 AD2d 973, 974; Brandon v Karp, 112 AD2d 490; Mertsaris v 73rd Corp., 105 AD2d 67, 79-81). The Supreme Court also properly granted summary judgment to the defendant James K. Keeley, the attending surgeon, as there was no evidence that Keeley departed from accepted medical practice and standards, and, as an attending surgeon, Keeley had no duty to obtain Mr. Tibodeau's informed consent (see, Spinosa v Weinstein, 168 AD2d 32, 39-40).

The Supreme Court also properly granted the defendant Jack Goodman's motion to dismiss the complaint insofar as it is asserted against him at the close of the plaintiffs' case. During their case, the plaintiffs utilized Goodman as their expert, and he testified that while he informed Mr. Tibodeau that he required an operation to clamp an aneurysm, he only

informed Rita Tibodeau of the risks and alternatives to surgery and obtained her consent because such a disclosure to Mr. Tibodeau would adversely and substantially affect his condition. This unrebutted testimony established a complete defense to the allegation of a lack of informed consent *(see,* Public Health Law § 2805-d [4] [d]), and the plaintiffs failed to submit evidence in their direct case which demonstrated that Mr. Tibodeau's condition was not other than what Goodman testified to, or that some information about risks and alternatives could have been disclosed to him notwithstanding his condition *(see, Gonzalez v Moscarella,* 142 AD2d 550; *Hylick v Halweil,* 112 AD2d 400).

In addition, a trial order of dismissal was also properly granted because the plaintiffs failed to demonstrate that a reasonable person in Mr. Tibodeau's position would have opted against the surgery had he been fully informed of the risks and alternatives and that the surgical procedure was the proximate cause of his injuries *(see,* Public Health Law § 2805-d [2], [3]; CPLR 4401-a; *Shinn v St. James Mercy Hosp.,* 675 F Supp 94, 100, *affd* 847 F2d 836; *Davis v Caldwell,* 54 NY2d 176, 182; *Briggins v Chynn,* 204 AD2d 158; *Eppel v Fredericks,* 203 AD2d 152; *Evans v Holleran,* 198 AD2d 472; *Bernard v Block,* 176 AD2d 843, 848; *Dodes v North Shore Univ. Hosp.,* 149 AD2d 455; *Culkin v Nassau Hosp. Assn., supra,* at 973; *Goodreau v State of New York,* 129 AD2d 978; *Hylick v Halweil, supra).*

In view of this determination, the issues raised upon Goodman's cross appeal from the order denying his motion for summary judgment are academic. We have considered all of the plaintiffs' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.