■ Tracy Cirella, Respondent-Appellant, v Central General Hospital, Appellant-Respondent. [630 NYS2d 93] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered November 30, 1993, which, upon a jury verdict, is in favor of the plaintiff and against it awarding damages, and the plaintiff cross-appeals on the ground of inadequacy.

Ordered that the cross-appeal is dismissed as abandoned; and it is further

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.

On June 7, 1985, the plaintiff, who was then seventeen years old, was injured in an automobile accident and was admitted first to St. John's Hospital and then transferred to the defen-

dant Central General Hospital (hereinafter the defendant) where she was under the care of private physicians. Three days later, the plaintiff received a blood transfusion which caused her to contract hepatitis and to eventually undergo a liver transplant. Thereafter, the plaintiff commenced the instant action against the private doctors who ordered the transfusion as well as the defendant, claiming that neither she nor her parents had given their informed consent to the transfusion. After settling her claims against the private doctors, the plaintiff proceeded to trial against the defendant. The jury returned a verdict in favor of the plaintiff and the defendant appealed. We now reverse.

The general rule is that a hospital is not liable for the actions of a private physician attending his or her private patient (see, Somoza v St. Vincent's Hosp. & Med. Ctr., 192 AD2d 429). Thus, initially, it is clear that here the defendant is not liable for the possible negligence of the plaintiff's private physicians in ordering the blood transfusion.

Nor is there any basis in the record for holding the defendant liable for any alleged failure to obtain the plaintiff's informed consent. There was no evidence presented to show that the defendant knew or should have known that the plaintiff's private physicians were acting without informed consent or should have had reason to suspect malpractice (see, Nagengast v Samaritan Hosp., 211 AD2d 878; Culkin v Nassau Hosp. Assn., 143 AD2d 973; Sledziewski v Cioffi, 137 AD2d 186; Brandon v Karp, 112 AD2d 490). Furthermore, the fact that an employee of the defendant undertook the ministerial task of recording the plaintiff's consent neither relieved the plaintiff's private physicians from their obligation to obtain an informed consent (see, Public Health Law § 2805-d [1]) nor placed that obligation upon the defendant (see, Brandon v Karp, supra).

Since we are reversing the judgment and dismissing the complaint, we need not reach the defendant's remaining contentions. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.