■ LAURA DeROSA, Respondent, v STEVEN KAALI, Appellant, et al., Defendant. [659 NYS2d 60] —In an action to recover damages for medical malpractice, the defendant Steven Kaali appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), dated June 26, 1996, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $980,000 ($300,000 for past pain and suffering and $680,000 for future pain and suffering).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the third, fourth, fifth, sixth, and seventh decretal paragraphs thereof, and substituting therefor a provision severing the cause of action to recover damages for future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict for future pain and suffering from the principal sum of $680,000 to the principal sum of $150,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

In March 1991 the appellant performed a tubal ligation on the plaintiff. It is undisputed that during the procedure, the appellant perforated the bowel, requiring the plaintiff to undergo a second operation to repair the injury. The plaintiff then commenced this action to recover damages for medical malpractice. At the trial, the plaintiff propounded three theo-

ries of medical malpractice: (1) the appellant was negligent in performing the tubal ligation, (2) the appellant was negligent in failing to detect the perforation at an earlier time, and (3) the appellant performed the tubal ligation with a lack of informed consent. The jury returned a verdict in favor of the plaintiff on the first and third theories, but determined that the appellant was not negligent in failing to detect the perforation at an earlier time.

Contrary to the appellant's contention, the jury's verdict on the issue of whether the appellant was negligent in performing the tubal ligation was not against the weight of the credible evidence (*see, Nicastro v Park*, 113 AD2d 129).

We agree with the appellant that the Supreme Court should have dismissed the lack of informed consent cause of action because the plaintiff failed to present evidence establishing that an informed, reasonably prudent person would not have consented to the procedure (*see,* Public Health Law § 2805-d [3]; *Tibodeau v Keeley*, 208 AD2d 610; *Innucci v Bauersachs*, 201 AD2d 460; *Evans v Holleran*, 198 AD2d 472). However, in light of the jury's finding against the appellant on the issue of negligence, this error is harmless.

The amount of damages awarded for future pain and suffering deviated materially from what would be reasonable compensation and therefore was excessive to the extent indicated herein (*see,* CPLR 5501 [c]).

The appellant's remaining contentions are unpreserved for appellate review (*see, Grzesiak v General Elec. Co.*, 68 NY2d 937; *Barry v Manglass*, 55 NY2d 803; *Gross v Fontano*, 206 AD2d 505; *Isler v Sutter*, 198 AD2d 68). Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.