■ DAPHNE BAILEY, Appellant, v PAUL OWENS, M.D., et al., Respondents. [793 NYS2d 40]—

Order, Supreme Court, New York County (Joan B. Carey, J.), entered on or about December 1, 2004, which, in an action for medical malpractice against an eye surgeon and the hospital where plaintiff had eye surgery, granted the hospital's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Since the surgeon was retained by plaintiff and is not the hospital's employee, his alleged malpractice in performing surgery on plaintiff's left eye instead of right cannot be imputed to the hospital, unless the surgery was so contraindicated by normal practice that ordinary prudence required inquiry into its correctness (see *Walter v Betancourt*, 283 AD2d 223, 224 [2001]). In support of its motion, the hospital submitted the affidavit of a board certified ophthalmologist stating that it is within the accepted standard of care to treat plaintiff's condition, "intermittent exotropia," by operating on either or both eyes. Since plaintiff did not submit an expert's affidavit of her own, the record is devoid of evidence that surgery on the left eye was in any way contraindicated, and thus no issues of fact are raised as to whether the hospital's employees were negligent in not challenging the surgeon's decision to do so. Nor does it avail plaintiff to argue that the hospital committed ordinary negligence in not having a procedure in place for properly marking the eye to be operated on, where the surgeon's position is that his operation on the left eye instead of right was not a mistake but a deliberate decision. Plaintiff's cause of action for lack of informed consent was also properly dismissed as against the hospital, where the consent form she signed clearly and distinctly authorized surgery "on one or both eyes in an attempt to align them," and there is no evidence that the hospital knew or should have known that the surgeon may have been acting without plaintiff's informed consent (see *Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Cirella v Central Gen. Hosp.*, 217 AD2d 680 [1995], *lv denied* 87 NY2d 801 [1995]). Concur—Tom, J.P., Andrias, Marlow, Ellerin and Sweeny, JJ.