■ LORRAINE POLAK et al., Appellants, v AUGUST C. SCHWENK et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Brown, J.), entered December 13, 1984 in Schenectady County, which denied plaintiffs' motion for leave to serve an amended complaint.

On April 22, 1981, plaintiff Lorraine Polak underwent surgery for a total abdominal hysterectomy, performed by Dr. August C. Schwenk at St. Clare's Hospital in the City of Schenectady, Schenectady County. The instant action seeking damages for medical malpractice was commenced by service of a summons and complaint on Schwenk in June 1981. A second action was commenced against St. Clare's Hospital by service of a summons in August 1983 followed by a complaint on October 26, 1983. Both complaints were couched solely in terms of negligence and medical malpractice. In October 1984, plaintiffs* moved for leave to serve an amended complaint adding a new cause of action premised on lack of informed consent. The motion was accompanied by an attorney's affidavit, the proposed amended complaint and the bills of particulars provided to each defendant. Special Term, without a written decision, denied the motion and this appeal ensued.

While we recognize that permission to amend a complaint should be freely given (CPLR 3025 [b]), we detect no abuse of discretion in Special Term's refusal to grant the application.

* Plaintiff Thomas B. Polak has a derivative claim for damages.

Such a motion should be accompanied by an affidavit from one with knowledge of the underlying facts, not by an attorney lacking such knowledge *(see, Davis v City of Troy,* 57 AD2d 990; *Leonard Hosp. v Messier,* 32 AD2d 596; *see also,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.22). Here, plaintiffs' attorney clearly did not have personal knowledge of the factual basis for the informed consent claim. Moreover, no effort was made to explain the rather lengthy delay in moving to amend the complaint *(see, Dougherty v Lupe Constr. Co.,* 98 AD2d 868, 869; *Edmunds v National Grange Mut. Ins. Co.,* 81 AD2d 715; *A.B.C. Carpet Co. v Jason Minick, Inc.,* 45 AD2d 566-568). Nor is there any indication that plaintiffs were not aware of the facts of the proposed cause of action at the time of the original pleadings *(see, Trevithick v Abbott Labs.,* 72 AD2d 840, 840-841, *appeal dismissed* 48 NY2d 1027). The allegation in the April 6, 1984 bill of particulars that informed consent was lacking does not alleviate the shortcomings attendant plaintiffs' motion. Based on the foregoing, and the fact that an informed consent claim necessarily depends on the recollections of the parties which unavoidably diminish over time, we find the determination well within the scope of Special Term's discretion *(see, Beuschel v Malm,* 114 AD2d 569).

Order affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.