■ SHEILA BOBRICK, Respondent, v GARY BRAVSTEIN, Defendant, and ENRIQUE SPIEGLER et al., Appellants.—In a medical malpractice action, defendants Spiegler and Doctor's Hospital appeal, as limited by their briefs, (1) from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated March 26, 1984, as granted that branch of plaintiff's motion which sought leave to amend her complaint to assert a cause of action to recover damages for lack of informed consent, and (2) from so much of an order of the same court dated July 25, 1984 as granted that branch of plaintiff's motion which sought leave to amend her complaint to assert a cause of action to recover damages for breach of contract.

Order dated March 26, 1984 affirmed, insofar as appealed from.

Order dated July 25, 1984 modified, by deleting the provision thereof which granted plaintiff leave to amend her complaint to assert a cause of action to recover damages for breach of contract as against defendant Doctor's Hospital and substituting therefor a provision denying plaintiff leave to assert that cause of action against Doctor's Hospital. As so modified, order affirmed, insofar as appealed from.

Plaintiff is awarded one bill of costs.

A party may amend a pleading at any time by leave of court, and such leave shall be freely given (CPLR 3025 [b]), unless prejudice would result to the nonmoving party or the proposed amendment is plainly lacking in merit *(see,* Siegel, NY Prac § 238; 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3025.15, 3025.23). At bar, there appears to be no prejudice to appellants.

Plaintiff's affidavit in support of her proposed amendment to a cause of action alleging lack of informed consent avers that Doctor Spiegler admitted her to Doctor's Hospital where she was tested and then told that a surgical procedure would be performed behind her left knee. She alleges that she awoke

after the operation to find that the surgery performed required an incision extending from her breast to her groin.

She further alleges that she was never told by anyone that she would be undergoing abdominal surgery. We do not consider this cause of action to be plainly lacking in merit, and reject appellant's contention that plaintiff was required to make the kind of showing that would enable her to withstand a motion for judgment during trial pursuant to CPLR 4401-a *(see, Williams v Cordice,* 100 Misc 2d 425).

Plaintiff's proposed amendment to assert a cause of action to recover damages for breach of contract alleges that Dr. Spiegler and Doctor's Hospital, its agents, servants and/or employees, expressly promised to perform surgery behind plaintiff's left knee, and that such surgery would cure her. Her supporting affidavit repeats this allegation as to Dr. Spiegler, but is silent as to Doctor's Hospital. Nor is there any allegation either in the complaint or the affidavit that a relationship exists between these defendants which would support vicarious liability against the hospital. To support a cause of action for breach of contract against a physician or hospital there must be an express special promise to effect a cure or to accomplish some definite result *(Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576; *Mitchell v Spataro,* 89 AD2d 599). Plaintiff has made a sufficient showing as against Dr. Spiegler, but as to Doctor's Hospital her proposed amendment appears to be clearly lacking in merit; accordingly, we modify the order of July 25, 1984 as indicated. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.