■ Bradley Grosse, Respondent, v Herbert S. Friedman, Appellant.—In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered February 28, 1985, as (1) upon the

plaintiff's renewed motion for leave to amend his complaint to assert a cause of action to recover damages for lack of informed consent, for further discovery limited to that issue, and to vacate the defendant's demand made pursuant to CPLR 3216 to resume prosecution of the action, granted leave to amend the complaint, directed that the amended complaint be served within 15 days after service upon the plaintiff of a copy of that order, with notice of entry, and permitted further disclosure and directed that it be completed within 60 days after service of that order, with notice of entry, and (2) upon his cross motion to dismiss the plaintiff's complaint for want of prosecution, failed to grant the same but instead provided that "[t]he cross-motion to dismiss the complaint will be granted unless plaintiff serves and files a note of issue within 30 days after service of a copy of this order with notice of entry".

Order affirmed, insofar as appealed from, with costs.

On or about March 22, 1984, the defendant, acting pursuant to CPLR 3216 (b) (3), made a demand upon the plaintiff to resume prosecution of the instant action commenced in February 1980, and to serve and file a note of issue within 90 days of the receipt of the demand. The plaintiff's prior counsel then moved for leave to withdraw and by an order dated April 26, 1984, the court permitted him to withdraw and stayed the 90-day notice until 30 days after the defendant served upon the plaintiff a notice to appoint new counsel. On or about June 29, 1984, such a notice was served upon the plaintiff. On July 24, 1984, the plaintiff, by new counsel, moved to vacate the 90-day notice, to amend his complaint and for further discovery. By order dated October 4, 1984, that motion was denied with leave to renew upon proper papers. There is no evidence in the record indicating the date upon which the plaintiff was served with this order. On or about January 3, 1985, the plaintiff served the papers bringing on the instant renewed motion.

The record indicates that the plaintiff's new counsel has diligently prosecuted this action. It would plainly have been fatuous for the plaintiff to have filed a note of issue during the pendency of his July 24, 1984 motion to vacate the 90-day notice, to amend his complaint, and for further discovery. Moreover, there is no indication in the record that the fact that the plaintiff's motion was not renewed until on or about January 3, 1985 was the result of any neglect on his part. Under these circumstances, dismissal of the plaintiff's action for want of prosecution is unwarranted.

The defendant has failed to prove that any significant prejudice would result from allowing the plaintiff to amend his complaint. Thus, the amendment was properly allowed *(see, Krupp v Aetna Life & Cas. Co.,* 104 AD2d 857, 858). Further, the date of interposition of the informed consent claim added by the amendment relates back to the date the claims in the original complaint were interposed *(see,* CPLR 203 [e]; *Vastola v Maer,* 48 AD2d 561, 566, *affd* 39 NY2d 1019). Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.