■ SHARON SMITH, Respondent, v SEYMOUR BESSEN, Appellant.—Weiss, J. P., Appeal from an order of the Supreme

Court (Torraca, J.), entered May 5, 1989 in Sullivan County, which granted plaintiff's motion to amend the complaint.

Defendant performed a ligation (stripping) of varicose veins on plaintiff's right leg on November 5, 1982 and on her left leg on November 11, 1982. Plaintiff remained in defendant's care for follow-up treatment until February 22, 1983. In this medical malpractice action commenced January 8, 1985, plaintiff alleges negligence in the performance of the surgery, but makes no allegation of a lack of informed consent. Defendant's demand for a bill of particulars dated February 11, 1985 included: "12. If it is claimed that defendant(s) failed to obtain plaintiff's informed consent, set forth those known and material risks and hazards surrounding the treatment of the plaintiff which it is claimed defendant(s) failed to disclose to the plaintiff." In response thereto plaintiff particularized: "12. Does not have sufficient information at this time." It was not until plaintiff served a further bill of particulars on March 28, 1986, more than three years after leaving defendant's care, and more than six months after the Statute of Limitations for medical malpractice had run, that defendant received the first indication of such a claim. After examinations before trial, the filing of a trial term note of issue and review by her expert, plaintiff concluded that she did not have a meritorious malpractice claim. In a December 29, 1988 motion, plaintiff dropped her medical malpractice cause of action and moved for an order directing that her pleadings contained a proper claim based on a lack of informed consent, or in the alternative, for an order directing defendant to accept an amended complaint. Supreme Court concluded that no prejudice to defendant would result and granted the motion to amend. Defendant has appealed.

While generally a party may amend a pleading at any time by leave of the court (CPLR 3025 [b]) and such leave is freely given, circumstances do arise when it is improvident for a court to grant leave to amend. For example, if prejudice to the nonmoving party would result or the amendment plainly lacks merit (see, Bobrick v Bravstein, 116 AD2d 682, 683), or when causes of action set forth in the amendment are palpably insufficient on their face (see, Prosser v Gouveia, 98 AD2d 992, 993). The case of Polak v Schwenk (115 AD2d 142) presented a strikingly similar factual pattern to the instant case, wherein this court affirmed the denial of the plaintiff's motion for leave to serve an amended complaint asserting a new cause of action premised on lack of informed consent. Here, just as in Polak, there is an utter failure to explain the

lengthy delay in moving to amend the complaint or to provide any indication that plaintiff was unaware of the new facts alleged at the time her original complaint was served. An informed consent claim necessarily depends upon the recollections which unavoidably diminish over time. It is apparent that when plaintiff conceded that her medical malpractice claim was without merit, she recognized that she had not preserved a cause of action for lack of informed consent. We find no basis for departing from our holding in *Polak v Schwenk (supra)* and, accordingly, reverse Supreme Court's order.

Defendant further contends, and we agree, that this claim of lack of informed consent relates to transactions and occurrences of which the original pleadings do not give notice *(see,* CPLR 203 [e]); accordingly, it does not relate back to the interposition of the original claim for purposes of the Statute of Limitations *(cf., Grosse v Friedman,* 118 AD2d 539, 541) and is therefore untimely. The motion should have been denied.

Order reversed, on the law, with costs, and motion denied. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.