■ Sabol & Rice, Inc., on Behalf of Itself and All Others Similarly Situated, Respondent, v Poughkeepsie Galleria Company et al., Appellants. (And Another Related Action.)— Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered June 14, 1990 in Dutchess County, which granted plaintiff's motion for leave to serve an amended complaint.

Defendant Poughkeepsie Galleria Company (hereinafter Galleria) is a developer of a shopping mall located in the City of Poughkeepsie, Dutchess County. In December 1986, Galleria entered into a contract with Holbrook Company, Inc. whereby Holbrook agreed to furnish labor and materials for Galleria's project. Holbrook in turn subcontracted with plaintiff to supply heating and air conditioning units and equipment in the amount of $112,681. It was agreed that all payments by Galleria for work and materials provided by plaintiff would be by check made jointly payable to plaintiff and Holbrook.

Following the completion of plaintiff's performance under the subcontract, Galleria failed to make the requisite payments. Plaintiff then commenced the instant class action on behalf of itself and other similarly situated Lien Law trust beneficiaries alleging, *inter alia,* that Galleria had improperly diverted funds in violation of Lien Law article 3-A. During discovery, plaintiff sought leave to amend its complaint to

include a demand for punitive damages.* Supreme Court granted the motion and this appeal followed.

There should be an affirmance. It is firmly established that leave to amend pleadings under CPLR 3025 (b) is to be freely given in the exercise of the trial court's discretion, provided that there is no prejudice to the nonmoving party and that the amendment is not plainly lacking in merit (see, Mathiesen v Mead, 168 AD2d 736; Smith v Bessen, 161 AD2d 847, 848; Bobrick v Bravstein, 116 AD2d 682, 683). Here, Galleria does not claim nor do we find that any prejudice will result from the amendment, particularly since discovery has not yet been completed. Galleria does contend, however, that plaintiff's proposed demand for punitive damages lacks merit. We disagree.

Initially, Galleria asserts that an award of punitive damages is not an available form of relief under Lien Law § 77. This argument is unavailing. Lien Law article 3-A creates a statutory trust for funds received by owners, contractors and subcontractors and thereby provides protection to certain parties involved in the improvement of real property, ensuring that they will be properly compensated for their services (see, Lien Law §§ 70, 71; Matter of ABJEN Props. v Crystal Run Sand & Gravel, 168 AD2d 783). An action to enforce a trust may be brought by any trust beneficiary under Lien Law § 77, which sets forth the relief available. While Galleria correctly points out that punitive damages are not enumerated as a type of relief under section 77, we do not interpret the Legislature's failure to expressly include such relief as an indication of its intent to preclude recovery of punitive damages under all circumstances (cf., Pajak v Pajak, 56 NY2d 394, 397). Indeed, the Legislature vested the courts with broad discretion to grant "[s]uch other and further relief as to the court may seem necessary and proper" (Lien Law § 77 [3] [a] [ix]). We agree with Supreme Court that it was authorized under this provision to permit plaintiff to assert a demand for punitive damages.

The proposed amended complaint alleges, inter alia, that Galleria made unauthorized disbursements of $28 million in trust assets to its partners without satisfying the claims of contractors, subcontractors and suppliers. Such conduct, if established, would constitute larceny punishable under the

---

* Although Galleria claims that plaintiff's proposed amended complaint also includes a demand for counsel fees, a review of the original complaint reveals that such a request was contained therein.

Penal Law *(see,* Lien Law § 79-a) and, thus, would clearly satisfy the high threshold of moral culpability necessary to support a punitive damages award *(see, Giblin v Murphy,* 73 NY2d 769, 772; *see also, Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, 58, *affd* 77 NY2d 981). Therefore, we cannot conclude that plaintiff's proposed demand for punitive damages is without merit. Supreme Court properly exercised its discretion in granting plaintiff leave to amend its complaint.

Mahoney, P. J., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.