■ WILFRED JOLLY et al., Appellants, v FRANK RUSSELL, JR., Respondent, et al., Defendant. [611 NYS2d 232] —In an action to recover damages for medical malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 19, 1991, as granted the cross motion of the respondent, Frank Russell, Jr., to dismiss the second cause of action in the amended complaint insofar as it is asserted against him, and to strike the plaintiffs' amended bill of particulars to the extent of deleting any particulars

relating to the plaintiffs' cause of action based upon lack of informed consent.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arose from the medical treatment by the defendant hospital and the defendant-respondent doctor of the plaintiff Wilfred Jolly starting in late August 1984 when Jolly underwent surgery for gallstones and a duodenal ulcer. The plaintiffs commenced this action in April of 1987 alleging that the defendants were "careless, negligent and guilty of malpractice in the medical and hospital care rendered to" Jolly. Bills of particulars served in response to demands by both the hospital and the respondent alleged numerous specific acts of negligence on the part of both defendants, all of which centered on the diagnosis and treatment of Jolly's condition.

In June of 1990, after certain discovery proceedings, the plaintiffs served an amended bill of particulars on the respondent which included, *inter alia,* allegations to support a cause of action based on lack of informed consent for the treatment in question. In August 1990 the plaintiffs moved in the Supreme Court for leave to amend their complaint to add a cause of action based on lack of informed consent. The respondent cross-moved for summary judgment dismissing the proposed cause of action and to strike the amended bill of particulars, on the ground that any new causes of action were time-barred.

In September 1990 the Supreme Court granted the plaintiffs' motion for leave to amend their complaint, and reserved decision on the respondent's cross motion. In the order appealed from, the court granted the respondent's cross motion for partial summary judgment, finding that the original complaint failed to give proper notice of the transactions or occurrences which formed the basis of the cause of action based on lack of informed consent. The court therefore concluded that the new cause of action did not relate back to the original pleadings by authority of CPLR 203 (f) (formerly [e]).

The plaintiffs argue that the Supreme Court erred in its conclusion that the new cause of action did not relate back to the original complaint. We disagree, and affirm.

It is well settled that lack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence *(see, Dodes v North Shore Univ. Hosp.,* 149 AD2d 455, 456; *Culkin v Nassau Hosp. Assn.,* 143 AD2d 973, 974). In creating the cause of

action, the Legislature not only established the unique factual allegations which support such a cause of action, but also established equally unique defenses to liability, and placed specific limitations on the types of cases in which the cause of action may be asserted (see, Public Health Law § 2805-d).

Considering the nature of the cause of action, and the distinctions to be made between allegations of lack of informed consent and allegations of general negligence, we conclude that the original pleadings in this case did not provide notice of the series of transactions or occurrences to be proved in a cause of action based on lack of informed consent (see, Smith v Bessen, 161 AD2d 847, 849). Accordingly, the cause of action to recover damages for lack of informed consent did not relate back to the interposition of the original complaint, and was therefore untimely (see, CPLR 203 [f]; 214-a).

We are unpersuaded by the argument in the dissent attempting to distinguish the decision of the Appellate Division, Third Department, in Smith v Bessen (supra). There is no indication in that decision that it was based on the specificity of the allegations of negligence in the original complaint. In addition, there is nothing to support the conclusion that the allegations in the original complaint in that case were more specific than those in the original pleadings in the present case.

Nor are we dissuaded by the reliance on this Court's prior decision in Grosse v Friedman (118 AD2d 539), as that case is factually distinguishable. Unlike the case before us now, the record in Grosse indicates that the original bill of particulars clearly alleged facts to support a cause of action to recover damages for lack of informed consent, thereby alerting the defendant that such a claim was contemplated in the original complaint.

Accordingly, the order appealed from must be affirmed. Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.

Mangano, P. J., dissents and votes to reverse the order insofar as appealed from, to deny the cross motion of the respondent Russell, and to reinstate the second cause of action asserted in the plaintiff's amended complaint insofar as it is asserted against the respondent Russell alleging lack of informed consent and any particulars relating thereto, in accordance with the following memorandum: The Supreme Court held that the plaintiff could not amend his original complaint alleging negligence and malpractice against the respondent

Russell so as to add a new cause of action against Russell based on lack of informed consent. Specifically, the Supreme Court held, and the majority agrees, that the cause of action to recover damages for lack of informed consent did not "relate back, for Statute of Limitations purposes to the interposition of the claims in the original pleading."

I respectfully disagree.

The original complaint herein alleges that the plaintiff was a patient of the respondent, a surgeon, "[o]n or about August 30, 1984, and thereafter". The original complaint further alleges, in very broad language, that during this period, the respondent Russell was "careless, negligent and guilty of malpractice in the medical and hospital care rendered to this plaintiff". The second cause of action in the plaintiff's amended complaint alleges that during the same time period the respondent Russell "negligently, carelessly and recklessly failed and omitted to make an understanding disclosure to plaintiff Wilfred Jolly of the surgery, diagnostic procedures and/or invasive procedures that said defendant [was] about to perform".

CPLR 203 (f) provides as follows:

"§ 203. Method of computing * * * limitation generally * * *

"(f) Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

CPLR 203 (f) "had no counterpart in prior practice statutes" *(Brock v Bua,* 83 AD2d 61, 64). It was recommended by the drafters of the CPLR to overrule *Harriss v Tams* (258 NY 229) and related cases *(see,* Second Preliminary Report of Advisory Committee on Practice and Procedure, art 5, at 51 [1958]). In *Harriss v Tams (supra),* the Court of Appeals held that interposition of a cause of action asserted for the first time in an amended pleading did not relate back to the date of service of the summons for purposes of the Statute of Limitations if it "introduced a cause of action upon a different obligation or liability, and for different conduct from that specified in the original complaint" *(Harriss v Tams, supra,* at 243).

As this Court stated in *Brock v Bua (supra,* at 64-65), by overruling *Harriss v Tams (supra),* the practical effect of subdivision (f) of CPLR 203 was: "to necessitate that a defen-

dant now make a comprehensive timely examination of all the facts regarding the transactions, occurrences, or series of transactions or occurrences of which the plaintiff's complaint gives notice, rather than confining his preparation of a defense to only those facts disclosed in plaintiff's complaint. If the plaintiff then subsequently sought to amend his complaint to allege new causes of action arising from those transactions or occurrences, the defendant could no longer rely upon the Statute of Limitations but he would be able to prepare a defense to them on the merits" (see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:11, at 163).

Although lack of informed consent was not mentioned until it was set forth in the amended complaint, that claim is clearly part of the same transaction of which the original pleading had given notice. Indeed, both this Court and the Appellate Division, Fourth Department have held to the same effect in similar situations (see, Grosse v Friedman, 118 AD2d 539; Ecker v Hopkins, 161 AD2d 1163).

Furthermore, I do not find either the majority's attempt to distinguish the decision of this Court in Grosse v Friedman (supra), or its reliance on the statutory origin (see, Public Health Law § 2805-d) of the cause of action to recover damages for lack of informed consent, to be persuasive. The decision in Grosse v Friedman (supra), makes no mention of the original bill of particulars as the basis of its holding. In addition, CPLR 203 (f) does not make any distinction between common-law or statutory causes of action. Finally, the decision of the Appellate Division, Third Department in Smith v Bessen (161 AD2d 847) is distinguishable in that the original complaint therein focused solely on the performance of a particular surgical procedure. In the case at bar, the respondent was on notice from the original complaint that the entire transaction relating to his care of the plaintiffs was being challenged.

Accordingly, I dissent and vote to deny the cross motion of the respondent to dismiss the cause of action to recover damages for lack of informed consent asserted in the plaintiff's amended complaint.