■ MARVIN BOMBARD, Appellant, v CENTRAL HUDSON GAS AND ELECTRIC COMPANY, Respondent, et al., Defendant. (And Two Third-Party Actions.) [614 NYS2d 577] —Weiss, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered April 2, 1993 in Essex County, which, *inter alia,* granted defendant Central Hudson Gas and Electric Company's cross motion for summary judgment dismissing certain causes of action against it.

Plaintiff, an employee of Northern Car Crushers Division (hereinafter Northern) of George Moore Trucking and Equipment Corporation, sustained personal injuries on December 8, 1988 when he came in contact with high-voltage electric transmission lines owned by defendant Central Hudson Gas and Electric Company which ran along and over a 100-foot wide strip of land in the Village of Wappingers Falls, Dutchess County, bisecting property owned by defendant Mid-Hudson Auto Wreckers, Inc. Northern had contracted with Mid-Hudson Auto to remove wrecked automobiles stored on both the Mid-Hudson Auto property and the 100-foot wide strip owned by Central Hudson Gas. The automobiles were crushed and then stacked on a flatbed truck which the Northern driver had positioned under the power lines. Plaintiff climbed

to the top of the crushed automobiles to secure the load with cables and, when he raised his hands, came in contact with an uninsulated 69,000-volt power line, causing him to be severely injured.

Plaintiff commenced this action against Central Hudson Gas and Mid-Hudson Auto alleging causes of action in negligence for, *inter alia,* failure to warn, failure to provide a safe place to work, breach of a deed covenant to protect persons near the transmission lines, and the joint negligence of both defendants based on the preceding allegations. When plaintiff sought leave to amend the complaint to add a Labor Law § 200 (1) cause of action, Central Hudson Gas cross-moved for summary judgment dismissing that portion of the first cause of action based on its failure to warn, the third cause of action alleging breach of a deed covenant and the fourth cause of action for failure to state a cause of action. Supreme Court denied plaintiff's motion and granted defendant's cross motion for partial summary judgment.

On this appeal plaintiff has focused upon two arguments, in the first of which he contends that it was error to dismiss what he characterizes to be a cause of action based on "premise *[sic]* liability", and also the Labor Law § 200 causes of action.*

Initially, we note that there was no abuse of discretion by Supreme Court in denying plaintiff leave to serve an amended complaint. While it is firmly established that leave to amend pleadings under CPLR 3025 (b) is to be freely given in the exercise of the trial court's discretion provided there is no prejudice to the nonmoving party, the proposed amendment must not be plainly lacking in merit *(see, Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555, 556; *Mathiesen v Mead,* 168 AD2d 736; *Smith v Bessen,* 161 AD2d 847, 848). We find that plaintiff does not have a cause of action under Labor Law § 200 (1), which is a codification of the common-law duty of landowners and general contractors to maintain a safe workplace *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). Under Labor Law § 200 an owner cannot be held liable absent supervisory control over the work *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Ross v Curtis-Palmer Hydro-Elec. Co., supra).* There is no proof in this

---

* Plaintiff's brief argues that it was error to dismiss his second cause of action alleging a Labor Law § 200 cause of action. The complaint alleges "failing to provide a safe place to work" but does not allege a breach of that statute.

record to demonstrate that Central Hudson Gas exercised any supervision or control over the work or that it had knowledge of the manner in which the work was performed. The only discernible connection found is that Central Hudson Gas directed Mid-Hudson Auto to remove the wrecked automobiles that Mid-Hudson Auto had placed on its land. Much more to the point is the fact that the only unsafe condition which existed on the land was caused by, and was the direct result of, plaintiff's actions, described by the driver of the flatbed truck as "jumping up to touch the line" and that they "were just fooling around, horsing around". In these circumstances, Central Hudson Gas cannot be held responsible under Labor Law § 200 (1) (see, Sarvis v Maida, 173 AD2d 1019, 1021) and therefore plaintiff's motion was properly denied.

We further find that Supreme Court correctly dismissed the first cause of action alleging negligence for failure to warn of a dangerous condition. While it is well established that owners and occupiers of land have a single duty of reasonable care under all the circumstances, which duty is defined by the risks reasonably foreseeable (see, Basso v Miller, 40 NY2d 233, 240-241; see also, Condon v State of New York, 193 AD2d 874), it is equally clear that there is "no duty to warn against a condition that can be readily observed by a reasonable use of one's senses" (Zaffiris v O'Loughlin, 184 AD2d 696), even in actions pursuant to Labor Law § 200 when the risks and dangers may be inherent in the work site (see, Stephens v Tucker, 184 AD2d 828, 829-830). Here, plaintiff testified in his examination before trial that he had readily observed the power lines, that although he did not know what the voltage was he knew the wires were there, that he knew he did not want to touch the wires and that he had a prior experience with electricity ("I have been slammed by a two twenty before and got a shock and threw me [sic] across the room"), all of which demonstrated his awareness of the danger.

We also note that plaintiff has failed to address the third cause of action alleging that Central Hudson Gas was liable for breach of its covenant in a 1926 deed in which it undertook and agreed to hold the grantor of the subject premises harmless from claims for injury to persons or property as a result of the power lines. While we would have rejected plaintiff's claim of entitlement to recovery as a third-party beneficiary of the deed covenant, his failure to present argument on that point in his brief on appeal constitutes an abandonment of that issue (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900, 901). Additionally, we find that

Supreme Court correctly dismissed the fourth cause of action which appears to merely be repetitive of other causes of action and fails to state a cause of action.

Cardona, P. J., Mikoll, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.