■ D&D KNITS, LTD., et al., Respondents, v GRAND MORGAN REALTY CORP., Respondent, FIRST STITCH KNITWEAR, INC., et al., Appellants, et al., Defendant. (And Third-Party Actions.) [622 NYS2d 982] —In an action to recover damages for injury to property, the defendants First Stitch Knitwear, Inc., and Cavet Sportswear, Inc., appeal from an order of the Supreme Court, Kings County (Golden, J.), dated September 20, 1993, which denied their motion for leave to amend their answer to include an additional cross claim against the codefendant Grand Morgan Realty Corp.

Ordered that the order is affirmed, with costs.

On February 26, 1990, a sprinkler pipe burst in the fourth floor premises which were rented by the defendants First Stitch Knitwear, Inc., and Cavet Sportswear, Inc. (hereinafter collectively First Stitch) from the defendant landlord Grand Morgan Realty Corp. (hereinafter Grand Morgan). The plaintiffs, who are lessees of space on the second floor of the building, commenced this action against, *inter alia,* Grand Morgan and First Stitch seeking recovery for property damage which they allegedly sustained as the result of the burst sprinkler pipe. In its answer, First Stitch cross-claimed against Grand Morgan for contribution and indemnification. On May 18, 1993, First Stitch moved for leave to amend its answer to add a cross claim against Grand Morgan for $12,716 in property damage which it allegedly sustained as a result of the burst sprinkler pipe. The Supreme Court denied the motion on the ground that the proposed cross claim was time-barred. We affirm.

CPLR 203 (f), entitled "Claim in amended pleading," provides as follows: "A claim in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of

transactions or occurrences, to be proved pursuant to the amended pleading".

In this case, First Stitch's original answer merely sought indemnity and contribution from Grand Morgan in the event First Stitch were held liable to the plaintiffs. These claims did not provide Grand Morgan with notice that First Stitch had sustained property damage of its own as the result of the burst sprinkler pipe and would seek to recover for those damages from Grand Morgan. Since First Stitch's original answer did not give Grand Morgan notice of the occurrence to be proved pursuant to the amended pleading, First Stitch's property damage claim does not relate back to the interposition of its original answer (see, CPLR 203 [f]; *Jolly v Russell,* 203 AD2d 527; *Smith v Bessen,* 161 AD2d 847). Accordingly, the Supreme Court properly determined that First Stitch's proposed cross claim was time-barred. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.