■ MARVIN BOMBARD, Appellant, v CENTRAL HUDSON GAS AND ELECTRIC COMPANY et al., Respondents. (And Two Third-Party Actions.) [645 NYS2d 909] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 23, 1995 in Essex County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

The facts underlying this action appear in a prior decision of this Court in this matter (205 AD2d 1018, *lv dismissed* 84 NY2d 923). Subsequent to that decision, defendants, Central Hudson Gas & Electric Company and Mid-Hudson Auto Wreckers, Inc., each moved for summary judgment dismissing those of plaintiff's claims not previously disposed of, and plaintiff cross-moved for permission to amend his complaint to add a cause of action asserting liability pursuant to Labor Law § 241 (6). Defendants' motions were granted, plaintiff's was denied and the complaint was dismissed in its entirety, prompting this appeal.

We affirm. The third and fourth causes of action, and so much of the first as charged Central Hudson with failure to warn, having already been dismissed as to it (*see*, 205 AD2d 1018, *supra*), the only claim remaining against Central Hudson is that it breached the common-law duty to provide a safe workplace. In our earlier decision, we upheld the denial of plaintiff's motion to amend the complaint to assert a claim

premised upon Labor Law § 200, expressly finding the record, at that point, could not support a finding that Central Hudson had exercised any supervision or control over plaintiff's work (*see, supra,* at 1019-1020), a necessary element of a cause of action premised upon the duty to maintain a safe workplace (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877). Inasmuch as plaintiff has not proffered any new evidence to this effect, the balance of the first cause of action was properly dismissed.

As for Mid-Hudson, the mere fact that its owner, Priscilla Shapiro, appeared at the work site and was aware that the truck was being loaded under the power lines is not sufficient to establish that she exercised supervision or control over the manner in which plaintiff performed his work, a prerequisite to imposition of liability given the fact pattern presented here (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639, 641-642). Significantly, there has been no showing that she or David Prindle, a Mid-Hudson employee, had assumed control over the placement of the truck, beyond simply suggesting where it could be located, and explaining that Central Hudson might ask that the truck be moved if it were parked beneath the power lines.

Moreover, the duty to provide a safe workplace does not obtain when the danger at issue is readily observable, bearing in mind the age, intelligence and experience of the worker (*see, Gasper v Ford Motor Co.,* 13 NY2d 104, 110; *McLean v Studebaker Bros. Co.,* 221 NY 475, 478; *Stephens v Tucker,* 184 AD2d 828, 829-830). The record discloses that the power lines said to have caused plaintiff's injuries were plainly visible; plaintiff admitted that he assumed the lines carried electricity and that he did not want to touch them, having been shocked by a 220-volt charge in the past. In view of the foregoing, Mid-Hudson had no obligation to protect plaintiff from the obvious hazard presented by the lines and summary judgment was properly granted dismissing the second cause of action (and the fourth, which merely repeated the same allegations of negligence).

Plaintiff's motion to amend the complaint to assert a cause of action based on Labor Law § 241 (6) was also rightly denied. The work plaintiff was engaged in at the time of his accident, removing cars from a junkyard, is not within the ambit of "construction, excavation or demolition" tasks to which Labor Law § 241 (6) applies, for it neither affected the structural integrity of a building or structure, nor was it an integral part of the construction or demolition thereof (*see, Walton v Devi Corp.,* 215 AD2d 60, 62, *lv denied* 87 NY2d 809; *Dumoulin v Oval Wood Dish Corp.,* 211 AD2d 883, 884).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.