■ AVDON CAPITOL CORP. et al., Appellants, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY et al., Respondents. [658 NYS2d 383] —In an action, *inter alia,* to recover proceeds from a commercial fire insurance policy, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Kramer, J.), dated May 7, 1996, as denied their motion to amend the complaint to add a cause of action pursuant to General Business Law § 349 (h), and (2) an order of the same court, dated October 30, 1996, as, upon reargument and renewal, adhered to the prior determination.

Ordered that the appeal from the order dated May 7, 1996, is dismissed, as that order was superseded by the order dated October 30, 1996, made upon reargument and renewal; and it is further,

Ordered that the order dated October 30, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

We disagree with the Supreme Court that the plaintiffs failed to allege in their second proposed amended complaint that the defendants violated General Business Law § 349 (h). The plaintiffs alleged that the defendants created false and misleading insurance application forms and forged the insureds' signatures thereon. These forms were the basis of the refusal by the defendant Nationwide Mutual Fire Insurance Company (hereinafter Nationwide) to pay the proceeds pursuant to the fire insurance policy at issue *(see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25; *see also, Riordan v Nationwide Mut. Fire Ins. Co.,* 977 F2d 47; *cf., Varela v Investors Ins. Holding Corp.,* 81 NY2d 958, 961).

However, in this case, the plaintiffs' proposed claim is barred by the three-year Statute of Limitations under CPLR 214 (2). Contrary to the plaintiffs' contention, since the original complaint did not provide the defendants with notice that it was Nationwide's agent who placed the false information and forged signature on the application forms, this claim does not relate back to the interposition of the plaintiffs' original complaint (see, D&D Knits v Grand Morgan Realty Corp., 213 AD2d 372; CPLR 203 [f]). Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.