■ PINNACLE ENVIRONMENTAL SYSTEMS, INC., Respondent, v R.W. GRANGER & SONS, INC., et al., Appellants, et al., Defendants. [665 NYS2d 473] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered November 20, 1996 in Albany County, which, *inter alia*, denied a motion by defendants R.W. Granger & Sons, Inc. and United States Fidelity & Guaranty Company to dismiss the fourth and sixth causes of action of the amended complaint against them.

In April 1994, defendant R.W. Granger & Sons, Inc. (hereinafter Granger) entered into a public improvement contract with defendants City School District of Albany and Board of Education of the City School District of Albany (hereinafter collectively referred to as the School District). Defendant United States Fidelity & Guaranty Company (hereinafter Fidelity), as surety, issued a labor and material payment bond in the amount of the contract price which identified Granger as the principal and the School District as obligee and owner.

Subsequently, in June 1994, plaintiff and Granger executed a subcontract (in conjunction with the public improvement project) whereby plaintiff would perform asbestos and lead abatement work for a cost of $212,500.[1] Plaintiff began work on the project in April 1995 and alleged that it submitted various payment requisitions to Granger. Following several disputes between Granger and the School District over costs, work performance, work quality and completion dates, Granger was notified by the School District on June 28, 1995 that its contract would be terminated. Thereafter, Granger commenced an action against the School District seeking to recover unpaid funds owed under the contract.

On October 25, 1995, plaintiff made a demand upon Fidelity pursuant to the labor and material payment bond for moneys owed to it under its contract with Granger. On February 16, 1996, plaintiff served a notice of public improvement lien upon Granger. Plaintiff commenced this action against Granger and Fidelity (hereinafter collectively referred to as defendants) as well as the School District and thereafter served an amended complaint alleging six causes of action asserting, *inter alia*, breach of contract and diversion of trust moneys. Following service of an answer, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss, *inter alia*, the fourth and sixth causes of action in the amended complaint,[2] which relief was denied prompting this appeal.

Defendants maintain that their motion to dismiss plaintiff's fourth cause of action seeking punitive damages for Fidelity's "knowing" refusal to abide by the terms of the labor and material payment bond without legal justification despite plaintiff's demand therefor should have been granted. According to defendants, State Finance Law § 137 does not contemplate an award of punitive damages for nonpayment on such a bond and, in any event, plaintiff's allegations are insufficient to sustain a valid and enforceable cause of action for recovery of punitive damages.

1. Paragraph 2.2 of the subcontract contained a "pay when paid" clause that provided that "[i]t is specifically understood and agreed that as a condition precedent, the payment to the Trade Contractor [plaintiff] is dependent, upon the payment to Contractor [Granger] of all sums including retainage from the Owner whether or not there is a dispute as to Trade Contractor's [plaintiff's] work".

2. Although issue had already been joined by the time defendants made their motion to dismiss, defendants did not waive their opportunity to bring motions pursuant to CPLR 3211 (a) (7) claiming a failure to state a cause of action (*see*, CPLR 3211 [e]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:53, at 73).

Assuming, arguendo, that Supreme Court correctly held that punitive damages are permissible under these circumstances, we nevertheless agree with defendants that the allegations in the fourth cause of action are insufficient to withstand a dismissal motion. It is well settled that "[a] motion to dismiss pursuant to CPLR 3211 (a) (7) should be denied where the pleading states a cause of action and where 'from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 964, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275). Here, plaintiff's fourth cause of action states that punitive damages are justified against Fidelity because it allegedly improperly refused payment on the bond solely in reliance on the "pay when paid" clause contained in paragraph 2.2 of the contract between plaintiff and Granger. According to plaintiff, Fidelity purportedly knew that such a clause requiring the subcontractor to assume the risk of an owner's nonpayment is void against public policy (*see, West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 155). However, even taking as true plaintiff's allegations as to Fidelity's motivations for purposes of this motion, we conclude that they fall "far short of the 'morally culpable conduct' required to sustain a claim for punitive damages" (*Langevin v Community Bank*, 227 AD2d 816, 817; *see, Salka v Lumbermens Mut. Cas. Co.*, 127 AD2d 333, 335).

Turning to the motion to dismiss plaintiff's sixth cause of action, we reach a different result. Plaintiff claims that Granger received disbursements from the School District which would constitute trust funds pursuant to Lien Law § 70 and, rather than paying plaintiff as a trust beneficiary (*see, Lien Law § 77*), instead recklessly or maliciously diverted trust funds for purposes not authorized by Lien Law § 71 (2) (*see, Lien Law § 72*). Notably, this Court has recognized that the unauthorized disbursement of trust assets, without satisfying the claims of contractors or subcontractors, constitutes larceny punishable under the Penal Law (*see, Lien Law § 79-a*) and "thus, would clearly satisfy the high threshold of moral culpability necessary to support a punitive damages award" (*Sabol & Rice v Poughkeepsie Galleria Co.*, 175 AD2d 555, 557; *see, Westinghouse Elec. Supply Co. v Pyramid Champlain Co.*, 193 AD2d 928, 932). Here, taking plaintiff's allegations as true, as is appropriate in a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see, Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp., supra*), we agree with Supreme Court that plaintiff's sixth cause of action sufficiently sets forth a claim that could, if proven, justify an award of punitive damages.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants R.W. Granger & Sons, Inc. and United States Fidelity & Guaranty Company to dismiss the fourth cause of action in the amended complaint; motion granted to that extent and the fourth cause of action is dismissed against said defendants; and, as so modified, affirmed.