■ CHRISTIAN TINAJERO et al., Respondents, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Defendants, and LIEN LING LEE et al., Appellants. [743 NYS2d 286] —In an action to recover damages for personal injuries, etc., the defendants Lien Ling Lee, Empire Physical Therapy, Inc., and Empire Physical Therapy, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated June 14, 2001, as granted the plaintiffs' cross motion for leave to amend the complaint to add causes of action to recover damages for medical malpractice and lack of informed consent, upon the condition that they serve an affidavit of merit from a physician and a copy of the amended complaint.

Ordered that the order is modified by deleting the provision thereof granting that branch of the cross motion which was for leave to amend the complaint to add a cause of action to recover damages for lack of informed consent, and substituting therefor a provision denying that branch of the motion; as so

modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add a cause of action to recover damages for medical malpractice (*see* CPLR 3025 [b]; *Huntington v Trotta Auto Wreckers,* 257 AD2d 647). The appellants cannot claim prejudice or surprise since the medical malpractice cause of action arises from the same facts as those underlying the general negligence cause of action asserted in the original complaint and third-party complaint (*see Huntington v Trotta Auto Wreckers, supra*). Moreover, since the original pleadings were served within the applicable statute of limitations (*see* CPLR 208), and provided notice of the transaction, occurrences, or series of transactions or occurrences to be proven pursuant to the amended pleading, the cause of action to recover damages for medical malpractice is not time barred (*see* CPLR 203 [f]).

However, since the original pleadings did not provide notice of the transaction, occurrences, or series of transactions or occurrences to be proved for a cause of action based on lack of informed consent, that cause of action did not relate back to the interposition of the original complaint, and therefore was untimely (*see* CPLR 203 [f]; 214-a; *Jolly v Russell,* 203 AD2d 527). Ritter, J.P., Florio, Goldstein, Luciano and Cozier, JJ., concur.