■ PATRICK D. PARESE et al., Appellants, v GREGORY B. SHANKMAN, M.D., P.C., Respondent. [752 NYS2d 503] —Appeal from an order of Supreme Court, Oneida County (Shaheen, J.), entered August 27, 2001, which granted defendant's motion seeking to preclude plaintiffs from presenting the opinion testimony of a podiatrist at trial and to preclude plaintiffs from presenting any evidence at trial concerning the alleged lack of informed consent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of defendant's motion seeking to preclude plaintiffs from presenting the opinion testimony of the podiatrist of plaintiff Patrick D. Parese at trial and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted that part of defendant's motion in this medical malpractice action seeking to preclude plaintiffs from presenting any evidence at trial

concerning the alleged lack of informed consent. "It is well settled that lack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (*Jolly v Russell,* 203 AD2d 527, 528). Here, the complaint does not assert a cause of action for lack of informed consent, nor does the bill of particulars provide notice of such a cause of action. Contrary to plaintiffs' contentions, language in the complaint and bill of particulars to the effect that the surgical procedure was unnecessary does not provide notice of such a cause of action (*see generally Smith v Bessen,* 161 AD2d 847, 849). Furthermore, the court properly determined that defendant would be unduly prejudiced if plaintiffs were permitted to amend the pleadings on the eve of trial to assert a cause of action for lack of informed consent. " '[A]n informed consent claim necessarily depends on the recollections of the parties which unavoidably diminish over time,' [and thus] the longer the delay in asserting such a claim, the more it stands to reason that the opposing party will be prejudiced" (*Evans v Kringstein,* 193 AD2d 714, 715; *see also Smith,* 161 AD2d at 849; *Polak v Schwenk,* 115 AD2d 142, 143).

We further conclude, however, that the court erred in granting that part of defendant's motion seeking to preclude plaintiffs from presenting the opinion testimony of the podiatrist of Patrick D. Parese (plaintiff) at trial. As a general rule, when the proposed opinion testimony of a witness who is not a medical doctor is against a defendant who is a medical doctor, the opinion of the witness "as to the course of treatment defendant should have undertaken [is] beyond his professional and educational experience and cannot be considered competent medical opinion on [the] issue of defendant's negligence" (*Jordan v Glens Falls Hosp.,* 261 AD2d 666, 667 [internal quotation marks omitted]). Here, although the podiatrist is not a medical doctor, both he and defendant, an orthopedic surgeon, are licensed to treat the type of injury sustained by plaintiff, and they perform the same surgical procedure at issue in this case. In the absence of sufficient information concerning the professional and educational experience of the podiatrist, we conclude that it was premature for the court to preclude his opinion testimony. We therefore modify the order accordingly. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.