■ CARMEN ESCOBAR, Appellant, v STEPHEN C. ALLEN, M.D., et al., Respondents. [774 NYS2d 28]—

Order and judgment, Supreme Court, Bronx County (Howard Silver, J.), entered January 30, 2003 and February 19, 2003, respectively, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated in its entirety and the matter remanded for trial.

This is a medical malpractice action in which plaintiff alleges that defendant doctors negligently performed a bunionectomy on her left foot at defendant Hospital for Special Surgery. Plaintiff maintains that as a result of the surgical procedure, she suffered a deformity and severe limitation of the motion and function of her toes, causing arthritis to develop at the joint, which may require additional operative procedures. Plaintiff also avers that metal fragments from two guide wire pins broken during the procedure were left embedded in her foot, causing extreme pain. Plaintiff seeks recovery for medical malpractice, lack of informed consent and under the doctrine of res ipsa loquitur.

The matter went to trial and at the conclusion of the parties' opening statements, defendants moved to dismiss the complaint on the ground that plaintiff's expert, a podiatrist, was not competent under the law to offer testimony regarding the alleged medical malpractice of defendant physicians. Defendants contended that plaintiff would, therefore, not be able to establish a prima facie case.

The trial court "very, very reluctantly" granted the motion and opined that "I cannot see how a podiatrist, who is not an M.D. can testify as to the departures allegedly made by M.D.'s." Plaintiff appeals and we now reverse.

In *Parese v Shankman* (300 AD2d 1087 [2002]), the Appellate Division, Fourth Department found that although a podiatrist is not a medical doctor, since he and the defendant orthopedic surgeon were licensed to treat the type of injury sustained by plaintiff, and perform the same type of surgery at issue, it was premature to preclude the podiatrist's opinion testimony absent sufficient information concerning his professional and educational experience. Likewise, in this matter, the podiatrist was allegedly licensed to treat the same type of condition from which plaintiff was suffering, and had performed the same type of procedure as that attempted by defendants. We agree with the holding of *Parese*, limited to the facts set forth herein, and find that the trial court's dismissal of the complaint was improper.

Moreover, plaintiff's claim under the doctrine of res ipsa loquitur should not have been dismissed, at least at this juncture, on the additional ground that there exists "a narrow category of factually simple medical malpractice cases [which] require[ ] no expert to enable the jury reasonably to conclude that the accident would not happen without negligence. Not surprisingly, the oft-cited example is where a surgeon leaves a . . . foreign object inside the plaintiff's body" (*Kambat v Saint Francis Hosp.*, 89 NY2d 489, 496 [1997]). In this matter, plaintiff asserts that metal fragments were left embedded in her foot, contributing to her injuries. Concur—Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.