■ APRIL C. HAGA, Appellant, v ROBERT PYKE, M.D., et al., Respondents. [796 NYS2d 507]—

Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered September 24, 2004 in a medical malpractice action. The order denied plaintiff's motion insofar as it seeks leave to amend the complaint and for an order compelling disclosure of "all documents" concerning the relationship between defendants Robert Pyke, M.D. and Obstetric & Gynecologic Associates of Northern New York, P.C. and the personnel file of a nonparty physician formerly employed by the latter defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion insofar as it seeks leave to amend the complaint to add the proposed first and second causes of action upon condition that plaintiff shall serve an amended complaint within 30 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages arising from a pregnancy following an unsuccessful surgical sterilization procedure. In her complaint, plaintiff alleges negligence and medical malpractice against defendant Robert Pyke, M.D., the physician who performed the procedure, defendant Obstetric & Gynecologic Associates of Northern New York, P.C. (OGANNY), Dr. Pyke's employer, and defendant Samaritan Medical Center, the facility where the surgery was performed.

We agree with plaintiff that Supreme Court erred in denying her motion insofar as it seeks leave to amend the complaint to add a cause of action alleging lack of informed consent. "A party may amend a pleading at any time by leave of court, and such leave shall be freely given (CPLR 3025 [b]), unless prejudice would result to the nonmoving party or the proposed amendment is plainly lacking in merit" (*Bobrick v Bravstein*, 116 AD2d

682, 682 [1986]). The proposed amendment, based upon information that came to light during discovery, will not prejudice defendants (*see Grosse v Friedman*, 118 AD2d 539, 541 [1986]), and it is not plainly lacking in merit (*see Bobrick*, 116 AD2d at 682). Further, the proposed cause of action alleging lack of informed consent is timely, because it relates back to the date on which the causes of action in the original complaint were interposed (*see Ecker v Hopkins*, 161 AD2d 1163 [1990]; *Grosse*, 118 AD2d at 541). We further agree with plaintiff that the court erred in denying her motion insofar as it seeks leave to amend the complaint to amplify her allegations of negligence and medical malpractice. "To the extent the proposed amendments merely reflected new facts uncovered during discovery and were consistent with the plaintiff['s] existing theories sounding in [negligence and medical malpractice], they were not devoid of merit and would not result in significant prejudice or surprise" (*Saldivar v I.J. White Corp.*, 9 AD3d 357, 359 [2004]). We therefore modify the order accordingly, upon condition that plaintiff shall serve an amended complaint within 30 days of service of a copy of the order of this Court with notice of entry.

We conclude, however, that the court properly denied plaintiff's motion insofar as it sought leave to amend the complaint to add causes of action alleging fraud, negligent misrepresentation and battery. Plaintiff failed to allege damages arising from defendants' alleged fraud that are distinct from those resulting from the alleged negligence and medical malpractice (*see Abraham v Kosinski*, 305 AD2d 1091, 1092 [2003]), nor did she allege damages arising from defendants' alleged negligent misrepresentation or battery that are distinct from those resulting from the alleged negligence and malpractice (*see Bellera v Handler*, 284 AD2d 488, 490 [2001]; *Romatowski v Hitzig*, 227 AD2d 870, 872 [1996], *lv dismissed in part and denied in part* 89 NY2d 915 [1996]; *Spinosa v Weinstein*, 168 AD2d 32, 41 [1991]). We note that, although plaintiff in her motion further sought an order determining that her bill of particulars "is amended to reflect the items and specifics set forth in the proposed amended complaint," she cites no authority in support of that relief, and we decline to grant it. Finally, the court also properly denied plaintiff's motion insofar as it sought an order compelling disclosure of "all documents" concerning the relationship between Dr. Pyke and OGANNY (*see Conway v Bayley Seton Hosp.*, 104 AD2d 1018, 1019 [1984]) and the personnel file of a nonparty physician formerly employed by OGANNY (*see generally id.* at 1019-1020; *Aliano v Lusterman*, 187 Misc 2d 699, 701 [2001]). Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.