■ ARA PLUMBING & HEATING CORP., Respondent, v ABCON ASSOCIATES, INC., et al., Appellants. [843 NYS2d 154]—

In a class action pursuant to article 3-A of the Lien Law to recover damages for diversion of trust assets, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Kerins, J.), entered January 6, 2006, as, after a nonjury trial, awarded the plaintiff punitive damages in the principal sum of $50,000 and an attorney's fee in the sum of $40,000.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff punitive damages in the principal sum of $50,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, not every violation of Lien Law article 3-A constitutes the criminal offense of larceny (see e.g. Lien Law § 79-a [2]). Whereas a statutory trustee com-

mits a breach of trust when, through a voluntary act, it uses, or permits the use, of a trust asset for any purpose other than those specifically permitted by the statute (*see* Lien Law § 72), the Lien Law does not create a strict liability crime, and therefore a conviction of larceny by misappropriation of trust funds pursuant to Lien Law § 79-a requires proof of larcenous intent (*see People v Chesler,* 50 NY2d 203, 209 [1980]). Here, the plaintiff established a violation of Lien Law article 3-A, but failed to establish that the defendants' actions were committed with the necessary mens rea to establish the crime of larceny pursuant to Lien Law § 79-a. In light of our determination, we need not decide whether an award of punitive damages may be made upon proof of a criminal violation of Lien Law § 79-a (*see Pinnacle Envtl. Sys. v Granger & Sons,* 245 AD2d 773, 775 [1997]; *Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555, 556-557 [1991]), as it is clear that the award of punitive damages, in any event, must be vacated.

Contrary to the defendants' contention, the trial court did not improvidently exercise its discretion in awarding an attorney's fee (*see* CPLR 909). Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.