Vallone v Vulcano (2023 NY Slip Op 05050)

Vallone v Vulcano

2023 NY Slip Op 05050

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 8051638/19 Appeal No. 711 Case No. 2023-00382 

[*1]Keith Vallone, Plaintiff-Respondent,
v
Ettore Vulcano, M.D., et al., Defendants-Appellants.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for appellants.
Nelson Robinson & El Ashmawy, PLLC, New York (Daniel X. Robinson of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about July 1, 2022, which, to the extent appealed from, denied defendants Ettore Vulcano, M.D. and St. Luke's Roosevelt Hospital Center s/h/a Mount Sinai West's motion for summary judgment dismissing the medical malpractice claim against them, unanimously affirmed, without costs.
Initially, the court providently exercised its discretion in declining to deny defendants' motion as untimely (see generally CPLR 3212[a]). The bulk of the motion was timely filed, including a placeholder for Exhibit Q, which was to be filed in hard copy, and Exhibit Q was sent to plaintiff one week later, well in advance of his opposition filing deadline.
On the merits, defendants established prima facie absence of a departure from the standard of care and that any such departure did not proximately cause plaintiff's injuries. Defendants submitted the expert affirmation of an orthopedic surgeon, who opined that defendant Dr. Ettore Vulcano's surgical approach in performing an osteotomy on plaintiff was appropriate and, given the location of the procedure and instruments used, it would have been "extremely unlikely" for them to have injured plaintiff's Achilles tendon. The expert also opined that the tendon injury was caused by a combination of plaintiff's autoimmune condition and the stress he placed on the right foot during his vacation activities. Contrary to plaintiff's contention, the fact that the expert relied, in part, on certain unauthenticated social media posts of plaintiff's activities does not warrant rejecting his affirmation. While the exhibits were inadmissible (see Coleman v Maclas, 61 AD3d 569, 569 [1st Dept 2009]), there were other admissible sources that formed the basis for his opinion.
In opposition, plaintiff raised a triable issue of fact by submitting the expert affirmation of a podiatrist, who performed a subsequent surgery on plaintiff's foot. The expert observed a partial tear to plaintiff's Achilles tendon, and opined that the tear was not the result of a rupture or any other non-iatrogenic cause, but from Dr. Vulcano's negligent failure to properly perform the osteotomy. Although a podiatrist is not a medical doctor, plaintiff's expert was qualified to opine on the standard of care applicable to foot surgeries, especially in view of the expert's assertions that he oversaw medical professionals providing orthopedic care and treated patients with injuries requiring the surgery at issue and with Achilles tears (see Escobar v Allen, 5 AD3d 242, 243 [1st Dept 2004]). The fact that the expert did not explicitly state that he had performed the surgery performed by Dr. Vulcano is not dispositive, especially given that the real substance of his opinion relates not to the proper surgical technique, but to the diagnosis of an Achilles tear and determination of its cause. Plaintiff's expert's affirmation also raised issues of fact as to each of defendant's expert's conclusions[*2], even if it did not address all of them explicitly. Issues of fact additionally exist as to when the Achilles pain began, an underlying fact that the experts dispute.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023